State v. Hall.

## THE STATE v. HALL, Appellant.

**Division Two, November 12, 1901.**

1. **Appeals:** FAILURE TO FILE BILL OF EXCEPTIONS. Failure to file a bill of exceptions precludes an examination of any error complained of in the motions for a new trial or in arrest, although such motions are set out in the transcript.

2. ———: ———: INDICTMENT CONSIDERED. The sufficiency of the indictment, being a part of the record proper, can be considered on appeal even though no motion to quash or in arrest has been filed or preserved in a bill of exceptions.

3. **Carnal Knowledge:** SUFFICIENCY OF INDICTMENT: LAW OF 1895: LANGUAGE OF STATUTE. An indictment drawn under the law of 1895, concerning carnal knowledge of an unmarried female (sec. 1838, R. S. 1899), which charges that defendant was over sixteen years old, that he had carnal knowledge of a certain named person, that she was an unmarried female of previously chaste character, that she was between the ages of fourteen and eighteen years of age, and that the assault was feloniously and unlawfully done, being in the language of the statute which itself individuates the elements of the crime, is sufficient.

Appeal from Cass Circuit Court.—*Hon. W. L. Jarrott,* Judge.

AFFIRMED.

*Jas. T. Burney* and *A. A. Whitsett* for appellant.

*Edward C. Crow,* Attorney-General, for the State; *Perry S. Rader,* special counsel.

(1) Where the statute creates an offense, an indictment which follows the words of the statute is sufficient. State v. West, 158 Mo. 317; State v. Van Wye, 136 Mo. 241; State v.

State v. Hall. ,

Addock, 65 Mo. 592; State v. Batson, 31 Mo. 344; State v. Presbury, 13 Mo. 34; State v. Fulton, 19 Mo. 680; State v. Johnson, 93 Mo. 317; State v. Mohr, 68 Mo. 303; State v. Schieneman, 64 Mo. 386; State v. Davis, 106 Mo. 230; State v. McDaniel, 40 Mo. App. 356; State v. Buck, 43 Mo. App. 443. An indictment is good which states every fact and circumstance descriptive of the offense, as defined by the statute, and follows the language of it.    State v. Roehm, 61 Mo. 82; State v. Jones, 63 Mo. 570; State v. Stogsdale, 67 Mo. 630; State v. Maddox, 81 Mo. 421; State v. Krueger, 134 Mo. 262.    (2)    Keeping in view the change in the statute raising the age of consent from fourteen to eighteen years, the indictment in this case is in every way sufficient according to the authority of:    State v. Mcinhart, 73 Mo. 562; State v. Wray, 109 Mo. 594; State v. Miller, 111 Mo. 550.

GANTT, J.—At the January term, 1900, of the circuit court of Cass county, the grand jury returned the following indictment:

"The grand jurors for the State of Missouri, summoned from the body of Cass county, impaneled, charged and sworn, upon their oath present that W. R. Hall, late of the county aforesaid, on the twenty-fifth day of September, 1899, at the county of Cass, State aforesaid, did unlawfully and feloniously make an assault upon one Barbara Mast, he, the said W. R. Hall being then and there a person. over the age of sixteen years and she, the said Barbara Mast, being then and there an unmarried female of previously chaste character and between the ages of fourteen and eighteen years of age, to-wit, of the age of fourteen years; and her, the said Barbara Mast, he, the said W. R. Hall, did then and there unlawfully and feloniously have carnal knowledge of and abuse, against the peace

Vol 164 mo—34 .

and dignity of the State."

The defendant was arrested and on his applications the cause was continued from time to time until October 1, 1900, on which last-mentioned date he was arraigned in open court and entered his plea of not guilty, and on the same day was tried before a jury duly impaneled and sworn. who rendered a verdict of guilty as charged in the indictment and assessed his punishment at imprisonment in the county jail for six months and a fine of five hundred dollars.

Motions for new trial and in arrest were filed and over-ruled, and sentence was pronounced in accordance with the ver-dict. Leave to file a bill of exceptions on or before January 10, 1901, was granted, but defendant failed to file the same.

I.   The failure to file a bill of exceptions precludes an examination of any of the errors complained of in the motions for new trial and in arrest, inasmuch as no exceptions appear to have been saved to the action of the court in overruling them, and they constitute no part of the record, though the clerk has incumbered his transcript with them.   [State v. Gilmore, 110 Mo. 1; State v. McDonald, 85 Mo. 539; State v. Griffin, 98 Mo. 672.]

The indictment, however, being a part of the record proper, can be reviewed by this court on appeal or writ of error, even though no motion to quash or in arrest of judgment has been filed and preserved.   [State v. McGee, 8 Mo. 495; State v. Meyers, 99 Mo. loc. cit. 112.]

The indictment is drawn under section 1838, Revised Statutes 1899, first enacted in 1895 (Laws of Mo. 1895, p. 149), which prescribes: "If any person over the age of six-teen years shall have carnal knowledge of any unmarried fe-male, of previously chaste character between the ages of four-teen and eighteen years of age, he shall be deemed guilty of a felony, and upon conviction shall be punished by imprisonment

in the penitentiary for a term of two years, or by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail not less than one month or more than six months, or by both such fine and imprisonment, in the discretion of the court."

The indictment meets every condition required by that statute: It alleges (1) that defendant is over sixteen years; (2) that he had carnal knowledge of one Barbara Mast; (3) that she was an unmarried female; (4) that she was previously of chaste character; (5) that she was between the ages of fourteen years and eighteen years of age; and (6) that the assault was unlawfully and feloniously done.

In State v. West, 158 Mo. 317, it is said: *"The statute itself individuates the elements of the crime, and when this is so it is sufficient to charge the offense in the language of the statute.* In this case the indictment states every fact descriptive of the offense as defined in the statute and is sufficient." [State v. Batson, 31 Mo. 343; State v. Addcock, 65 Mo. 590; State v. Van Wye, 136 Mo. 227.]

In the Van Wye case it is said, at page 241: "When the words of the statute creating the offense plainly indicate the nature of the crime, it is sufficient to charge the offense substantially in the words of the act."

In State x. Addcock, 65 Mo. l. c. 592, it is said: "All the elements necessary to constitute the offense appear in the indictment, and we think that is sufficient."

Moreover, this identical statute was before the court in State v. Knock, 142 Mo. 515, and an indictment in this same form was adjudged to be sufficient.

We discover no error in the record proper and the judgment is affirmed.    All concur.