# THE STATE v. HUNTER, Appellant.

### Division Two, January 9, 1903.

1. **Indictment:** CARNAL KNOWLEDGE. An indictment charges defendant "did then and there unlawfully and feloniously have carnal knowledge of and abuse" the prosecutrix, instead of alleging that he "did carnally know and abuse" her. *Held,* no error.     •

2. **Time to Plead:** EXCEPTION. There is no statute giving the defendant in any except capital cases twenty-four hours in which to plead after the service of the copy of the indictment upon him. Nor is the point before this court for review unless there was exception saved to the ruling of the court denying the request.

3. **Jurisdiction:** CALLING IN NEIGHBORING JUDGE. Where the regular judge is disqualified as being prejudiced by the affidavit of two compurgators, and the prosecuting attorney and the defendant make no selection of another lawyer to try the case, the judge has authority to call in the judge of another circuit, and such judge then has jurisdiction to try the case.

4. ———: PRESUMPTION. Every presumption will be indulged in support of the proceedings of a court of general jurisdiction.

5. ———: ———: CALLING IN SPECIAL JUDGE: RECORD RECITALS. It is not necessary for the regular judge of a court of general jurisdiction to recite on the record his reasons for calling in a special judge after he himself has been disqualified.

6. **Practice:** PASSING CASES ON CALL. The rule of court as to passing cases to the foot of the docket on the first call has no relevancy to a case to try which a judge of another circuit was specially called in, and which was set for a special day.

Appeal from Cass Circuit Court.—*Hon. Geo. F. Longan,* Judge.

AFFIRMED.

*A. L. Groves* and *W. D. Summers* for appellant.

(1) The indictment is not good, and motion to quash should have been sustained in each case. The indictment says: "did then and there unlawfully and

feloniously have carnal knowledge of and abuse.''
which should read, ''did carnally know and abuse.''
State v. Knock, 142 Mo. 522; State v. Burnes, 126 Mo.
565; Bishop's Directions and Forms, sec. 907.    (2)
Defendant should have been given time to inspect the
indictment before he was compelled to plead after hav-
ing seen the indictment or a true copy of same.  R. S.
1899, sec. 2559.  (3)  Hon. George F. Longan did not
acquire jurisdiction of the cases by order of change of
venue, without the statutes having been complied with.
R. S. 1899, sec. 2597.    (4)    Section 1838, Revised
Statutes 1899, is unconstitutional and void.  State v.
Hamey, 168 Mo. 167.   (5)   The verdict was against
the evidence in each case and ought to have been set
aside on motion for new trial and defendant discharged.
State v. Lowe, 93 Mo. 547; State v. Berry, 24 Mo. App.
466; State v. Glaher, 97 Mo. 679; State v. Prium, 98 Mo.
368; State v. Nelson, 98 Mo. 414; State v. Howell, 100
Mo. 628; Spohn v. Railroad, 87 Mo. 74; Manerman v.
Railroad, 41 Mo. App. 348; Garrett v. Greenwell, 92 Mo.
120; Henderson v. Railroad, 36 Mo. 109.   (6)   The
court erred in admitting the evidence of the State as to
defendant's visit to prosecutrix's house on night of
October 25th, being nineteen days after the date of the
crime charged; this prejudiced the jury against defend-
ant.   It was no part of the *res gestae*.   State v. Bauerle,
145 Mo. 1; State v. Hudspeth, 150 Mo. 12; State v.
Waters, 139 Mo. 539; State v. Taylor, 118 Mo. 153;
Mead v. Railroad, 68 Mo. App. 92; 3 Rice on Evidence,
p. 66, sec. 39.   (7)   There was no evidence that pros-
ecutrix, in either case, was of previous chaste character
and the jury had no evidence upon which to find that
she was.   Revised Statutes 1899, sec. 1838, requires
finding as to character. 3 Rice on Evidence, p. 603. (8)
The good character of prosecutrix being one of the mat-
ters to be proven by the State, a failure of proof on
that point is failure to make out a case.   3 Rice on Evi-
dence, p. 820.

*Edward C. Crow*, Attorney-General, and *C. D.*
*Corum* for the State.

(1)　The first contention of appellant is the usual ground that the verdict is against the evidence.　This is without merit.　The evidence on the part of the State tended to show that the prosecutrix was a female of good reputation for · chastity and virtue, of the age of sixteen and unmarried; that the defendant was over the age of sixteen and that they exchanged sexual favors.　It is true that this is denied by defendant; but to the jury belonged the province of weighing the testimony.　They believed the prosecutrix.　This they had the right to do.　(2)　The appellant asked for a copy of the indictment, which was given him.　He then asked for twenty-four hours in which to plead.　The court ruled that he was not entitled to so much time.　He saved no exception to the ruling.　Nor was he entitled to twenty-four hours in which to announce.　R. S. 1899, sec. 2559.　(3) · Defendant devotes much space in the brief to a discussion of an alleged error of the court in permitting evidence of the occurrences transpiring after October 6, 1899—the date of the commission of the crime.　No prejudicial evidence of this character was admitted, or, if admitted, it was stricken from the record by the court.　Besides, this question was not brought to the attention of the trial court in the motion for a new trial.　This was indispensable; he has waived the point.　State v. Alred, 115 Mo. 471; Bartlett v. Beach, 128 Mo. 91.　(4) The presumption is that Judge Longan had jurisdiction to try the case.　No objection was made to his sitting during the trial; no exception was made.　Defendant thereupon waived his right to complain.　Every reasonable presumption will be indulged in favor of the regularity of his selection.　State v. Wear, 145 Mo. 162; State v. Anderson, 96 Mo. 241; State v. Gilmore, 110 Mo. 1.　(5)　The defendant attacks the sufficiency of the indictment, in that it charges that the defendant "did then and there unlawfully and feloniously have carnal knowledge of and abuse" her, the said Emma Schrock.　His position is that the indictment should

have alleged that "the defendant carnally knew and abused." But, manifestly, if the defendant had carnal knowledge of the prosecutrix, he carnally knew her. The one expression means the same as the other. Besides, the statute under which this indictment is drawn imposes its penalties against "any person over the age of sixteen years, who shall have carnal knowledge of" etc. This offense is purely statutory. The indictment follows the language of the statute and is sufficient. (a) State v. Johnson, 93 Mo. 317; Ballerson v. State, 63 Ind. 531; State v. Knock, 142 Mo. 522; 2 Bishop's New Criminal Procedure, sec. 960. (b) The words "and abuse" may be rejected as surplusage, and still enough will remain to constitute a valid charge. State v. Taylor, 117 Mo. 185; 1 Bishop's New Criminal Procedure, secs. 478 and 479; 1 McClain on Crim. Law, sec. 443. The term "abuse" has reference to the sexual organs only, and does not relate to other ill usage. Dawkins v. State, 58 Ala. 376.

GANTT, P. J.—The indictment in this case was preferred by the grand jury of Cass county on January 3, 1900. The defendant was tried at the September term, 1900, convicted, and sentenced to the penitentiary for two years. The indictment charged a violation of section 1838, Revised Statutes 1899, in that defendant being over sixteen years of age did have carnal knowledge of one Emma Schrock, an unmarried female of previous chaste character at the age of sixteen years.

Judge Jarrott, the regular judge of the Cass Circuit Court, was disqualified by an affidavit of prejudice, and Judge Longan of the Pettis circuit was called to try the cause, and presided at the trial. On this appeal defendant assigns numerous grounds for reversal, all of which we have considered.

I. The first goes to the constitutionality of the law which he is charged to have violated, to-wit, section 1838, Revised Statutes 1899, which was first enacted April 8, 1895. This act has met the approval of this

court in State v. Knock, 142 Mo. 515, and State v. Hall, 164 Mo. 528, and its constitutionality finally affirmed in State v. Hamey, 168 Mo. 167, by this court in banc. Those decisions must be regarded as settling the validity of the law.

II.    The indictment is assailed because it charges that defendant at the county of Cass in this State "did then and there unlawfully and feloniously have carnal knowledge of and abuse" the prosecutrix instead of alleging that he "did carnally know and abuse" her. There is no merit in the distinction sought to be made. The indictment is in the language of the statute, and the two forms are the same in meaning and significance.

III.    Counsel make the point in their brief that the defendant was denied twenty-four hours in which to plead after having been furnished a list of the panel. It is a sufficient answer to this contention to say that no exception was saved to the ruling of the court denying this request, and, hence, it is not before us for decision, but lest this ruling should be construed as intimating that the law requires that the defendant shall have twenty-four hours after the service of a copy of the indictment before he shall be arraigned, we say now, once for all, that there is no statute making any such requirement except in capital cases. [Sections 2558 and 2559, R. S. 1899.]

IV.    Judge Longan's right to preside and try the cause was not challenged at the time he was called in, nor when he took his seat in response to the call of Judge Jarrott, and was raised for the first time in the motion in arrest of judgment. But there is no merit in the contention that he had no right to preside in the case. Judge Jarrott was disqualified by the filing of the affidavit supported by the two compurgators, and as the prosecuting attorney and defendant made no selection of another attorney at law to try the case, Judge Jarrott's right to call in the judge of another circuit, under section 2597, Revised Statutes 1899, is too plain for discussion.

Since the amendment of section 2595 in 1895 (Laws 1895, p. 162) the only provision for the election of a special judge is that contained in this section and is restricted to an election by the defendant and the prosecuting attorney and it is presumed that no such offer was made, and for that reason Judge Jarrott called in Judge Longan.

The circuit court is a court of general jurisdiction, and every presumption will be and is indulged in support of its proceedings.

Being the judge of a court of general jurisdiction it was not at all necessary that the record should recite that in his opinion no suitable person could or would be elected special judge to try said cause, but when he requested Judge Longan to preside, it is presumed that he either exercised his indisputable right under the Constitution to request another judge to hold a part of his term, without assigning grounds for so doing, or that his action was referable to section 2595, Revised Statutes 1899, because the prosecuting attorney and defendant had not selected an attorney whose selection he would approve, but in either case it was wholly unnecessary to recite his reasons on the record. [State v. Gilmore, 110 Mo. 1; State v. Gamble, 108 Mo. 500; State ex rel. v. Wear, 129 Mo. 625.]

V.   The verdict was amply sustained by the evidence.   The previous chaste character of the prosecutrix was established in the most satisfactory manner by the State and no effort was made by the defendant to impeach it. She was shown to have been only about sixteen years old when the crime was committed.   The sexual act was proven by her evidence, and the fact that she was absent from the home of her parents all that night was clearly established.   Her father searched the town for her, but was unable to find her, and she was seen in the immediate neighborhood of defendant's office next morning about 8 o'clock, hurrying towards her home.   The evidence of defendant's own witness placed him in the stairway of his office about the time the prosecutrix testifies he invited her up there.   The

jury were the judges of the credibility of the witnesses, and they believed her evidence and corroboratory testimony.

VI.   The only remaining point is that on or about the 25th of October, after the commission of the offense on the 6th day of October, the State offered evidence tending to prove that defendant endeavored to meet the prosecutrix at her father's residence.   When it was offered the objection was made that it was immaterial and the court after a statement of the purpose of the proof offered, excluded it.   The objection now urged was not made in the circuit court, and hence is not available, but the court excluded it anyway and no prejudice was shown by the making of the offer.

The rule of court as to passing cases on the first call to the foot of the docket has no relevancy to a case where the judge was called to try a special case on a day set especially for the trial of that case.   Judge Longan had nothing to do with the other cases on the regular docket and was there to try this case.   There is no merit in the contention that defendant had a right on that day to have his case passed until all the other cases were called by Judge Jarrott.

After a careful reading of the whole evidence and an examination of the instructions, we discover no error and the judgment is affirmed.   All concur.