## THE STATE v. WILLIAM EISLER, Appellant.

Division Two, May 18, 1909.

1. **PUNISHMENT: Adopted By Court: Carnal Knowledge.** Where the statute places the amount of the punishment "in the discretion of the court," a verdict returned by the jury fixing the punishing is adopted and approved by the court when it is accepted and judgment is rendered in accordance therewith, and that is a compliance with the statute.

2. **CONFLICT IN TESTIMONY: Appellate Practice: Carnal Knowledge.** The jury are the exclusive judges of the credibility of witnesses and of the weight to be attached to their testimony, and when they return a verdict, which is approved

by the trial court, the appellate court will not retry any question of fact in issue in the case concerning which the evidence was in conflict, for instance, in a carnal knowledge case the question of the prosecutrix's previous chaste character.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Elliott W. Major,* Attorney-General, and *Chas. G. Revelle,* Assistant Attorney-General, for the State.

(1) The information, which is duly verified by the assistant circuit attorney, conforms to all the requirements of the statute and good pleading, and has been uniformly approved by this court. State v. Knock, 142 Mo. 522; State v. Hall, 164 Mo. 528; State v. Day, 188 Mo. 363; State v. Lakin, 203 Mo. 548. (2) Although the statute directs that punishment for violation of the carnal knowledge statute shall be assessed "in the discretion of the court," the fact that the jury assessed the punishment does not vitiate the verdict. The trial court, by accepting the verdict and entering up the judgment in accordance therewith, must be held to have approved and adopted the punishment assessed by the jury. State v. Hamey, 168 Mo. 197; State v. Lakin, 203 Mo. 548. (3) The court did not err in refusing to permit defendant, for the purpose of impeaching the prosecutrix, to prove facts that were not material or pertinent to any issue. State v. Valle, 196 Mo. 29; Wojtylak v. Coal Co., 188 Mo. 289. (4) Instructions 1, 2 and 4, defining the crime with which defendant was charged, correctly declared the law and have been approved by this court. State v. Knock, 142 Mo. 523; State v. DeWitt, 186 Mo. 64; State v. Thornton, 108 Mo. 640; State v. Palmberg, 199 Mo. 254. (5) Instructions 3 and 5, given by the court,

and which instructions define "previous chaste character," are correct, and instruction 1, asked for by defendant, was properly refused, because its definition of "chaste" is misleading and does not declare the law. This instruction declares "chaste" means actual virtue in conduct and principle, and that the female who delights in lewdness, who is guilty of indecencies and lost to all sense of shame, "whose conversation and manners may even have suggested the thought and opened the way, is not chaste, although she has not been guilty of sexual intercourse." If this were the law, the statute would be meaningless and nugatory, and its purpose defeated. If it is a defense "that her conversation and manners may have even suggested the thought and opened the way," then surely her request for and consent to an intercourse would be a more perfect defense, but under the law it is none. State v. Kelly, 191 Mo. 691; State v. Thornton, 108 Mo. 654; Kenyon v. People, 84 Am. Dec. 177; Andre v. State, 68 Am. Dec. 708; State v. Carron, 118 Ia. 181.

FOX, J.—This cause is brought to this court upon appeal by the defendant from a judgment of the circuit court of the city of St. Louis convicting the defendant of the offense of carnally knowing one Mary Brinda, an unmarried female of previously chaste character, between the ages of fourteen and eighteen years.

On the 9th of October, 1906, the assistant circuit attorney of the city of St. Louis filed an information, duly verified, with the clerk of circuit court of the city of St. Louis, charging the defendant with carnally knowing one Mary Brinda, an unmarried female of previously chaste character, between the ages of fourteen and eighteen years. After the entry of a plea of not guilty the trial proceeded. The evidence developed at the trial upon the part of the State

tended substantially to prove that prosecutrix lived with her mother and stepfather at 1016 Geyer avenue, St. Louis, and was employed at the Standard Mills in said city; that before she became acquainted personally with the defendant he frequently stationed himself at Tenth and Julia streets, along which place she passed each evening in returning from her work, and that on these occasions he whistled at and flirted with her. About October 8, 1905, defendant made an engagement to meet her that evening at Twelfth and Soulard streets, and in accordance therewith they met and conversed about two hours, made an engagement to meet the following night, and separated. On the following evening they met, and after talking and fondling hands for about two hours, at his request they sojourned to a dark hallway at Twelfth and Soulard streets and about thirty minutes after entering same defendant asked prosecutrix to have sexual intercourse with him. After some persuasion on his part she consented and her deflowering then and there took place. He frequently thereafter met and went with her and on one or two occasions they had a disagreement, but were soon thereafter reconciled and the acts of intercourse continued at intervals until April, 1906, at which time he discarded her. On Labor Day following she discovered that she was pregnant, and had been six months, and so reported to her mother. At the time of these improper relations the prosecutrix was sixteen years old and defendant was eighteen years old. Prosecutrix testified positively that no one except defendant had ever had intercourse with her and at the time of her illicit conduct she was not aware of the significance or consequence thereof. Defendant admitted his intimacy with her when she, in the presence of defendant and other persons, stated her relations with him. Peter J. Reinhart, Emil Steismeyer and Bertha Fedter all testified that they were

close neighbors and had been acquainted with prose-cutrix for several years, and that her general reputation for chastity was good prior to this trouble.

On the part of the defendant there were numerous witnesses introduced, among them Herman Miller, George Wertman, Rudolph Meter and Minnie Rich, who testified that they had heard the prosecutrix indulge in profanity and tell what they termed ''dirty'' stories; had seen her drink beer and that she frequented Swagler's' dance hall, a place at which the conduct of some was not above reproach. Herman Miller, defendant's companion, testified that on one occasion, although prosecutrix was a perfect stranger to all of them, she stated in the presence of defendant and others that boys were afraid to ask girls to have intercourse with them when taking them home from dances. Minnie Rich also testified that on a certain occasion she saw prosecutrix and one Albert Bohn walk together towards the woods, but did not know what they did. Albert Bohn, witness for defendant, testified that he had never had intercourse with prosecutrix, although he wanted and tried to do so.

At the close of the evidence the court instructed the jury, fully presenting every phase of the case to which the testimony was applicable. The cause was submitted to the jury and they returned a verdict finding defendant guilty as charged in the information and assessed his punishment at six months in the workhouse and a fine of $200. Timely motions for new trial and in arrest of judgment were filed, taken up and by the court overruled. From the judgment, which was in accordance with the verdict rendered, the defendant in due time and proper form prosecuted his appeal to this court and the record is now before us for consideration.

## OPINION.

The record before us discloses the absence of any brief or suggestions on the part of the appellant as to why this judgment should be reversed; however, in obedience to the commands of the statute, we have examined in detail the disclosures of the record concerning the trial and disposition of this cause.

### I.

Directing our attention to the foundation of this prosecution (which is the information upon which the judgment is predicated), we find that such information is duly verified and charges every element of the offense of which the defendant was convicted, and is in form with numerous cases which have met the approval of this court. [State v. Knock, 142 Mo. l. c. 522; State v. Hall, 164 Mo. 528; State v. Day, 188 Mo. l. c. 363; State v. Lakin, 203 Mo. 548.]

So far as the judgment and sentence are concerned, it is only necessary to say that, while the statute provides that for the commission of this offense the punishment assessed is in the discretion of the court, yet the jury fixed the punishment and the trial court approved of it and accepted the verdict and entered up judgment in accordance with the verdict; there can only be one conclusion reached upon that proposition and that is that the court adopted the punishment as assessed by the jury.

### II.

We have examined in detail the disclosures of the record as to the admission and rejection of evidence, and it is sufficient to say that we find that there was no error committed which affected the substantial rights of the defendant.

### III.

We have also examined in detail the instructions given by the court and have fully considered them. They properly presented the law of this case very fully and fairly to the defendant. They covered every phase of the case to which the testimony was applicable; hence the assignment of error as to the instructions of the court must be determined adversely to the appellant.

### IV.

This leads us to the final contention in the motion for new trial, that the evidence was insufficient to support the verdict. It is only necessary to say upon that proposition that we have read in detail the disclosures of the record as to the evidence developed at the trial. We find that the evidence is conflicting, particularly upon the proposition as to the previous chaste character of the prosecuting witness; but this court has uniformly held that it will not undertake to settle conflicts in the testimony of witnesses. The jury were the exclusive judges of the credibility of the witnesses and of the weight to be attached to their testimony. They returned their verdict, which was approved by the court, and we are unwilling to retry this cause upon the question of fact disclosed by the record.

Finding no reversible error in the trial of this cause the judgment of the trial court should be affirmed, and it is so ordered.

All concur.