Bureau of Labor
Unemployment Compensation Division } No. 3564.
Feb. 21, 1946.

JOSEPHINE S. HALLAHAN & a.

*v.*

WILLIAM H. RILEY, *Commissioner of Labor.*

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Booth* orally), for the plaintiff.

*F. Maurice LaForce* (by brief and orally), for the defendant.

BRANCH, J.  The Unemployment Compensation statute, R. L., *c.* 218, *s.* 5, *Par.* G, authorizes a direct appeal to this court by "any party aggrieved by any ruling of law in any proceeding hereunder ... " We are not therefore, concerned with the correctness of any findings of fact which may underlie the decision complained of.  For any person aggrieved by a decision of fact, the statute above mentioned provides another remedy by appeal to the Superior Court. We are, therefore, called upon to consider in this proceeding only the question whether the decision of the Appeal Tribunal in any way violated the law applicable thereto.

Neither party questions that part of the decision reversing the prior orders of the examiner and allowing the plaintiff unemployment compensation benefits up to the end of the employer week preceding the decision, a period of some ten weeks.  The plaintiff, however, contests the legality of the subsequent portion of the decision ordering

that from and after the date of said decision, she should not be considered eligible for benefits if she refuses to accept work which "would be suitable for her, namely burling, or any other work which she can readily perform. . . . "

The plaintiff's position is thus stated in her brief: "According to the Tribunal, the passage of two weeks' time changes unsuitable employment into compulsory employment. We disagree. If the work offered was unsuitable on May 5, it was equally so on May 19, 'the end of the employer week prior to this decision,' just 14 days later. In the case of a wage differential as great as is here involved, we believe that an unemployed individual is entitled to benefits for the full period allowed by statute (20 weeks) rather than be required to accept employment at the lower wage."

It thus appears that the plaintiff's complaint is focused upon the ruling of the tribunal that after a period of unemployment extending over ten weeks, the job of burling, which the plaintiff justifiably refused some weeks earlier as unsuitable, became suitable work for her to perform.

It should be pointed out in the first place that the question of the suitability of the work offered in a given case is one of fact and the determination of that fact in the present case cannot be attacked in this proceeding if it is sustained by competent evidence. The test to be applied in determining suitability of work is not left to speculation. The act provides that in determining whether or not any work is suitable for an individual, the commissioner shall consider, (1) the degree of risk involved to his health, safety and morals, (2) his physical fitness and prior training, (3) his experience and prior earnings, (4) his length of unemployment, (5) his prospect of securing local work in his customary occupation, and (6) the distance of the available work from his residence. (Numbers supplied). R. L., c. 218, s. 4, *Par.* C (1).

No complaint is made in the present case that due consideration was not given to factors (1), (2), (3) and (6). The complaint is, in effect, that undue weight was given to factors (4) and (5). In regard to this contention of the plaintiff, we accept as sound the following conclusions of an administrative tribunal in Indiana reported in 8 UCIS No. 9325:

"The Law does not presume that a person should be required to accept work at less than her highest skill or accept work at other than her usual skill and remuneration, providing such work is either available or that prospects are good for obtaining such work within a

reasonable time. However, in the absence of such work or good prospects for obtaining the same within a reasonable time, if the claimant desires to be eligible . . . within the meaning of the Indiana Employment Security Act, she must stand ready to accept other work for which she may be qualified by training and experience, and to accept the rate of pay that prevails in that community for that type of work."

In other words, while a woman may be justified in refusing as unsuitable, work offered to her immediately after her separation from her job, the situation may change after the lapse of a considerable time during which she has remained unemployed. Work which was unsuitable at the beginning of her unemployment may become suitable when consideration is given to the length of unemployment and the prospects of securing her accustomed work. Although the applicant may continue to refuse jobs paying a lower rate of compensation, she must do so at her own expense rather than at the expense of the unemployment fund. The cushion of security between jobs provided by the statute was not designed to finance an apparently hopeless quest for the claimant's old job or a job paying equal wages. What length of time should be regarded as sufficient to require this result is again a question of fact with which we have no concern. The statute specifically requires that consideration be given to the factor of length of unemployment. No limitation upon the weight which shall be attached to this factor is to be found in the law.

The contention of the plaintiff that "an unemployed individual is entitled to benefits for the full period allowed by statute (20 weeks) rather than being required to accept employment at the lower wage" being in conflict with the conclusions above set forth, is overruled.

The foregoing conclusions are in accord with the uniform interpretation of similar statutes in thirty other states, reference to which is made in the defendant's brief, and it follows that the decision appealed from must be affirmed.

*Appeal dismissed.*

MARBLE, C. J., was absent: the others concurred.