No. 22064.

Kathy Anne Toston *v.* Industrial Commission of the State of Colorado (Ex-officio Unemployment Compensation Commission of Colorado.
(417 P.2d 1)

Decided July 25, 1966.

DAVID W. SARVAS, L. L. NATHENSON, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES D. MCKEVITT, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THIS action is here on writ of error to review a final judgment of the district court affirming the findings and order of the Industrial Commission of the State of Colorado, Ex Officio Unemployment Compensation Commission, which denied plaintiff in error the unemployment compensation which she claimed under the Employment Security Act.

We will refer to plaintiff in error as Claimant and to defendant in error as the Commission.

The facts, which are not in dispute, are as follows: Claimant was employed as a comptometer operator with Beatrice Foods. Claimant was released from her employment, through no fault of her own, on March 6, 1965. Failing to find other employment, Claimant applied for unemployment compensation on March 16, 1965. A very short time thereafter, the State Employment Office referred her to a comptometer position with H & R Block Co. The job was, however, temporary and would have lasted no longer than thirty days. Although Claimant contacted H & R Block Co. with regard to the possibilities of obtaining a permanent job with them, the Block Company informed her that they were in need of someone for no longer than thirty days and would not continue her employment after the thirty days. Claimant, thereupon, explained to the State Employment Office that she did not want the temporary job. As her reason, she stated that she was afraid of missing an opportunity of getting a permanent job which might become available during the thirty day period in which she might be employed by H & R Block.

The deputy of the Commission thereupon concluded that in refusing the temporary employment her action constituted a refusal by the Claimant to accept suitable work as provided in C.R.S. 1963, 82-4-9 (5) (d), and that, under this section, no award of benefits should be granted.

Pursuant to the statutory procedure, the matter was ultimately heard by the Commission and upon appeal

by the district court, and in each case the denial of benefits was affirmed.

 The question presented to this Court by Claimant's appeal is whether her refusal to accept the temporary job under the circumstances of this case constituted, as a matter of law, a refusal of suitable work or refusal of referral to suitable work within the meaning of C.R.S. 1963, 82-4-9 (5) (d). The question is answered in the negative. A refusal to accept an offer of temporary employment does not, in and of itself, end the period of unemployment.

In determining the suitability of the offered employment, the statute with which we are concerned offers the following considerations:

"* * * the degree of risk involved to his (claimant's) health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his *length of unemployment* and prospects for securing work in his customary occupation and the distance of the available local work from his residence shall be considered. * * *" (Emphasis supplied.)

As applied to the instant case, the temporary job as comptometer operator at H & R Block Co. was not refused by claimant on the grounds that it constituted a measurable degree of risk to her health, safety and morals; nor was the job refused on the ground that it was incompatible with her physical fitness, prior training and experience or prior earnings. Not only did the job require her skills as a comptometer operator, but it also paid 23 cents more per hour than her former wage of $1.60 per hour at Beatrice. The job, however, was temporary, and, since claimant had been unemployed hardly more than two weeks, she assumed that the prospects of securing permanent work as a comptometer operator were good. Essentially, the claimant refused as unsuitable a thirty day job for the reason that it would have eliminated her, for that period of time, from the market of suitable permanent jobs which might have

been made available to her by the State Employment Office or through her own efforts.

Under these circumstances, claimant's refusal to accept a temporary job, in our view, did not, in and of itself, constitute a refusal to accept suitable work since she was entitled to a reasonable time in which to compete in the labor market for available jobs of a permanent nature for which she had the skill and at a rate of pay commensurate with her prior earnings. *Bayly Mfg. Co. v. Department of Employment,* 155 Colo. 433, 395 P.2d 216.

In *Bayly, supra,* the work which was refused was for a wage materially lower than the wage previously earned. Nevertheless, the rationale of that decision applies with equal force to the instant case wherein the claimant is seeking permanent employment but has been offered a temporary position.

Although claimant must be afforded a reasonable time within which to seek out jobs which are satisfactory to her, the status of jobs which are initially unsuitable does not remain constant. In other words, work which was unsuitable at the beginning of the employment may become suitable when consideration is given to the length of unemployment and the prospects of securing claimant's accustomed work. *Hallahan v. Riley,* 94 N.H. 48, 45 A.2d 886.

What constitutes a reasonable time in these cases is not a matter to be answered by rigid formulas. Rather, it must initially be determined as a question of fact under the circumstances of each individual case by the appropriate agency. *Bayly, supra.*

The judgment is reversed and the cause remanded to the district court with directions to remand the matter to the Commission for determination of such compensation as may be due claimant in accordance with the views herein expressed.

MR. JUSTICE DAY and MR. JUSTICE MCWILLIAMS concur.