**STATE of Missouri, Respondent,**

v.

**Leroy James ALLISON, Appellant.**

**No. 55424.**

Supreme Court of Missouri,
Division No. 2.

April 12, 1971.

Motion for Rehearing or to Transfer to Court
En Banc Denied May 10, 1971.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

David M. Grant, St. Louis, for appellant.

MORGAN, Judge.

Defendant, with four prior convictions for drug related offenses, waived a jury and was tried to the court for possession of 80.48 grams of Cannabis Sativa, commonly called marijuana. Sections 195.020 and 195.200, V.A.M.S. The penalty was assessed at twelve years confinement.

He does not challenge the sufficiency of the evidence to sustain the conviction and the evidence may be outlined in summary form. On January 14, 1969, several police officers went to the premises occupied by defendant at 4928 Lotus Avenue in St.

Louis. They had in their possession a warrant authorizing search of the premises for marijuana. In this case we are not interested in the forty thousand dollars of allegedly stolen property found, but only the marijuana which provided the basis for the present charge.

First, defendant attacks the validity of the search warrant which was issued from the St. Louis Court of Criminal Correction on the day of the search. It was signed by one J. S. Gollub, acting as provisional judge, under the following appointment:

"It appearing to the satisfaction of the court in vacation on the application of the Clerk of the St. Louis Court of Criminal Correction that the Honorable David Fitzgibbon, Judge of the St. Louis Court of Criminal Correction, Division No. 2, will be absent from the City of St. Louis, and thereby unable to discharge the duties of this office. It is therefore ordered that J. S. Gollub be, and is hereby appointed provisional judge pursuant to Section 479.070, RSMo 1949, to act as such provisional judge from January 6, 1969, to January 26, 1969, inclusive."

The statutory authority for such an appointment is found in Section 479.070, which provides, in part:

"1. In the event of the sickness or absence of the judge of either division of the court, if for any reason the judge of the other division of the court cannot sit, the circuit court of St. Louis city, or any judge thereof, in vacation, may appoint, for the time being, a provisional judge of said division, who shall possess the qualifications of a judge of the circuit court; and who, in the absence, sickness or other incapacity of the regular judge, shall have all the power and perform all the duties conferred and imposed by law upon the regular judge."

■ As indicated by the order of appointment, the court has two divisions. Section 479.010. The order made no reference as to the availability of the regular

judge of Division No. 1 to serve in No. 2. Defendant contends that an appointment of a provisional judge for either division, when the regular judge is absent, can only be made "if for any reason the judge of the other division of the court cannot sit." Obviously, this argument is valid for the simple reason the statute specifically predicates the authority to appoint a provisional judge for one division upon the unavailability "for any reason" of the regular judge of the other division. Defendant relies generally on the text authority found in 48 C.J.S. Judges § 101, p. 1113, which concludes: "A special or substitute judge must be selected in accordance with constitutional and statutory regulations. * * * In order to constitute a special or substitute judge under the law, his selection must comply with the provisions of the law." Such is the law of this state, for, as said in State ex rel. Allen v. Trimble, 317 Mo. 751, 297 S.W. 378, 380: "It is axiomatic that judicial power can only be conferred upon a court or a person by the authority of the law." However, in this case we are not concerned with the lack of any authority to make the appointment, for such power is conferred by Section 479.070, but the sufficiency of the order making such appointment. Before considering that question, we do recognize the authorities cited by defendant, which are: Ex Parte O'Brien, 127 Mo. 477, 30 S.W. 158; State v. Anderson, 191 Mo. 134, 90 S.W. 95 and State ex rel. Kaiser v. Miller, 316 Mo. 372, 289 S.W. 898. Each involved matters in the Court of Criminal Correction, and in each the reviewing court emphasized that, "It is clear that the power and jurisdiction of this court is limited and no presumptions or intendments are indulged in favor of its jurisdiction." The fact such cases are not applicable to the instant case is readily apparent, because the order of appointment in question was that of the circuit court and not that of the court of criminal correction. Thus, any challenge to the propriety of the order made must be considered as would any other by a court of general jurisdiction. As a general principle, every

presumption will be indulged in support of the court's proceedings. State v. Hunter, 171 Mo. 435, 71 S.W. 675, 676; State v. Newsum, 129 Mo. 154, 31 S.W. 605, 606. In connection with the selection of a special judge, this court said in State v. Huett, 340 Mo. 934, 104 S.W.2d 252, 258, " * * * no reasons being shown by the record, it will be presumed that statutory reasons existed." Further, in this case we need not make any presumption for the record reflects the presence of all statutory conditions for the appointment of a provisional judge. Testimony was offered that at the time the search warrant was issued the regular judge of the other division was also absent, and that a provisional judge was acting in both divisions. Defendant made no effort to refute such testimony, and the record establishes the presence of all statutory precedents for the appointment of Judge Gollub. The right to challenge his authority can not be questioned, State ex rel. McGaughey v. Grayston, 349 Mo. 700, 163 S.W.2d 335, 337; but from the record made, the challenge must be denied.

■ Further, in connection with the validity of the search warrant, defendant contends that there were not suffcient evidential facts presented for the judge to determine the question of probable cause for its issuance, and the seizure of "marijuana" is not authorized by statute. On the first point we need not, again, review the multitude of cases, both federal and state, on the question. It is sufficient to resolve whether or not the judge had before him such facts that he could make an "independent" and "disinterested" determination on the issue of "probable cause." Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). It is not necessary, to rule the issues submitted, that we set out in full the two affidavits presented to the judge. Each detailed: (1) that the affiant was a detective on the police force, (2) that an individual whom he had known for twelve years had informed him of illegal narcotic activity at 4928 Lotus, (3) that the informant had been in the premises the day before the search, observed a bag of marijuana and had watched a number of sales being made, (4) that the informant had known the occupant for four months and the fact sales were being made at the location, (5) that on many previous occasions the informant had given information which led to convictions of others for criminal activity including drugs, (6) that the affiant had had the premises under surveillance and had seen known narcotic users enter and leave the premises. As said in Spinelli, " * * * the magistrate [judge] is obligated to render a judgment based upon a common-sense reading of the entire affidavit * * * we do not retreat from the established propositions that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause, Beck v. Ohio, 379 U.S. 89, 96, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)." The affidavits show the "underlying circumstances" which provided the basis for accepting the "reliability" of the informant as well as his "credibility." Clearly, the affidavits filed conformed with the principles of Aguilar as further explicated in Spinelli. The probability of criminal activity at 4928 Lotus thus established a legal basis for the independent and disinterested finding of probable cause by the judge. We so rule.

■ We next consider the argument there is no statutory authority for the seizure of marijuana. [The search warrant designated marijuana as the object of search.] Defendant concedes there is for any designated "narcotic drug" unlawfully possessed. Section 195.135. Cannabis is by statute declared to be a narcotic drug. Section 195.010(5-17). Which leaves one question—is marijuana synonymous with cannabis? In State v. Page, Mo., 395 S.W. 2d 146, 148, we said: "The proof was that the substance was marijuana which is known as cannabis * * *." In State v. Thompson, Mo., 425 S.W.2d 80, 84, the botanical classification of cannabis was

detailed. However, it is true that we have not been called on to consider if use of the word "marijuana" alone in a search warrant is sufficient; or, in other words, whether or not cannabis and marijuana mean the same drug (plant). Looking, again, to a botanical reference—Vol. 2, New Britton & Brown Illustrated Flora, p. 54—we find that cannabis is a monotypic genus, i. e., a genus with only one species. Cannabis has the common name of marijuana. Gray's Manual of Botany, 8th Edition, page 555. Not only are cannabis and marijuana botanically synonymous, but they have been so considered by courts of other states. Davis v. State, Miss., 219 So.2d 678; Martinez v. People, 160 Colo. 333, 417 P.2d 485; State v. Romero, 74 N.M. 642, 397 P.2d 26; State v. Economy, 61 Nev. 394, 130 P.2d 264; People v. Savage, 64 Cal.App.2d 314, 148 P.2d 654. In Martinez, 417 P.2d l. c. 486, after saying "it is not required that courts be more ignorant than mankind in general," it was held: "Without prolonging this opinion by engaging in an extended battle in semantics, we conclude as a matter of law that marijuana is identical with cannabis, as it is merely a geographically oriented name for cannabis." On this point, we conclude that a search warrant may issue for unlawfully possessed narcotic drugs, cannabis by statutory definition is a narcotic drug, cannabis and marijuana are synonymous, and that the search warrant in this case was not legally deficient. In addition, defendant does not claim any prejudice resulting from use of the term itself. State v. Bridges, Mo., 398 S.W.2d 1, upon which defendant relies, considered a drug related but different problem.

■ Lastly, defendant claims the trial court erred by not allowing him to show that cannabis sativa could lose its potency. After noting that such inquiry of the state's expert witness was first denied, the record reflects the ruling was changed and the inquiry allowed. In any event, the answer was that tetrahydro cannibinol is the narcotic substance which gives a positive color test, and that the test was positive. Development of the hypothetical possibility potency might dissipate under certain circumstances would have been of no benefit to defendant since the test was positive.

The penalty is within the range of punishment provided by statute, and finding no error, the judgment is affirmed.

All of the Judges concur.