STATE of Missouri, Respondent,

v.

Robert Dale SIMPSON, Appellant.

No. 27213.

Missouri Court of Appeals,
Kansas City District.

March 1, 1976.

James F. Crews, Kibbe, Crews & Gaw, Tipton, for appellant.

John C. Danforth, Atty. Gen., Timothy J. Verhagen, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WEL-BORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

A jury in the Moniteau County Circuit Court found Robert Simpson guilty of selling "cannabis sativa." The jury did not agree on the punishment and the trial court fixed the punishment at seven years' imprisonment, within the limits prescribed by § 195.200 1.(4), RSMo 1973 Cum.Supp., the sale of a Schedule I controlled substance. § 195.017 2., RSMo 1973 Cum.Supp. This appeal followed.

The details of the transaction are not here important. The state's case was based upon the sale to an undercover agent in California, Missouri, on November 9, 1972, of eight bags of what was represented as marijuana. According to the state's theory, appellant, Robert Simpson, and his brother, Jack Simpson, acted jointly in making the sale. Jack testified that he alone made the sale and that his brother, although present, had no part or interest in the transaction.

■ Appellant has made six assignments of error on this appeal, but, with one possible exception, all arise out of the same basic contention, i. e., that appellant was charged with the sale of "cannabis sativa" and that "cannabis sativa" is not included among the "controlled substances" enumerated in § 195.200. On this basis, he attacks the information, the verdict-directing instruction, the verdict-form instruction, the verdict, all of which referred to the sale of "cannabis sativa," and finally urges that he had not been found guilty of any violation of the laws of the State of Missouri.

This problem is undoubtedly the result of a change of nomenclature in the 1971 drug act (Laws of Mo.1971, p. 237, H.B. 69) from the prior narcotic drug act. §§ 195.010–195.210, RSMo 1969. Under the prior act, § 195.010(17) defined "Narcotic drugs" to include "cannabis." "Cannabis" was defined by § 195.010(5) as follows:

" 'Cannabis' includes all part of the plant Cannabis Sativa L. whether growing or not; the seeds thereof; the resin extracted from any part of such plant, and every compound, manufacture, salt, derivative, mixture or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination; * *."

Section 195.017 2.(4)(j) of the 1971 enactment classifies "Marihuana" as a Schedule I controlled substance under the act. Section 195.010(20) of the new law defines "Marihuana," as follows:

" 'Marihuana' means all parts of the plant Cannabis Sativa L., whether growing or not, the seeds thereof, the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. It does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil or cake, or the sterilized seed of the plant which is incapable of germination; * *."

In *State v. Allison*, 466 S.W.2d 712 (Mo. 1971), the court had before it an attack under the 1969 law upon a search warrant which designated "marijuana" as the object of search. In that case the defendant contended that the statute designated "cannabis" as the unlawful drug and that it did not refer to "marijuana." In rejecting the contention, the court stated (466 S.W.2d 714–715):

" * * * Cannabis is by statute declared to be a narcotic drug. Section 195.-010(5–17). Which leaves one question—is

marijuana synonymous with cannabis? In *State v. Page,* Mo., 395 S.W.2d 146, 148, we said: 'The proof was that the substance was marijuana which is known as cannabis * * *.' In *State v. Thompson,* Mo., 425 S.W.2d 80, 84, the botanical classification of cannabis was detailed. However, it is true that we have not been called on to consider if use of the word 'marijuana' alone in a search warrant is sufficient; or, in other words, whether or not cannabis and marijuana mean the same drug (plant). Looking, again, to a botanical reference—Vol. 2, New Britton & Brown Illustrated Flora, p. 54—we find that cannabis is a monotypic genus, i. e., a genus with only one species. Cannabis has the common name of marijuana. Gray's Manual of Botany, 8th Edition, page 555. Not only are cannabis and marijuana botanically synonymous, but they have been so considered by courts of other states. *Davis v. State,* Miss., 219 So.2d 678; *Martinez v. People,* 160 Colo. 333, 417 P.2d 485; *State v. Romero,* 74 N.M. 642, 397 P.2d 26; *State v. Economy,* 61 Nev. 394, 130 P.2d 264; *People v. Savage,* 64 Cal.App.2d 314, 148 P.2d 654. In *Martinez,* 417 P.2d l. c. 486, after saying 'it is not required that courts be more ignorant than mankind in general,' it was held: 'Without prolonging this opinion by engaging in an extended battle in semantics, we conclude as a matter of law that marijuana is identical with cannabis, as it is merely a geographically oriented name for cannabis.' On this point, we conclude that a search warrant may issue for unlawfully possessed narcotic drugs, cannabis by statutory definition is a narcotic drug, cannabis and marijuana are synonymous, and that the search warrant in this case was not legally deficient. * * "

The question here is the converse of that decided in *Allison.* The statute uses the term "marijuana" and the charge employed "cannabis sativa." However, § 195.010(20), supra, clearly retains the synonymity of the terms, as found in *Allison.* Therefore, appellant's claims of error are without merit.

Appellant acknowledges that, had the term "Cannabis Sativa L." been used, the charge might have been found sufficient. However, it has previously been held that "cannabis sativa" and "cannabis sativa L" are identical, the "L" referring only to the system of botanical nomenclature. *State v. Thompson,* 425 S.W.2d 80, 84[6] (Mo.1968).

The chemist who examined the substance here involved testified that marijuana is "commonly called cannabis sativa." When asked the results of his testing of the substance, he replied: "The substance is marijuana, cannabis sativa." There can be no question that, contrary to appellant's contention, the jury was made fully aware of synonymity of the terms and understood that they were dealing with a transaction involving marijuana. The evidence, above referred to, distinguishes this case from *State v. Bridges,* 398 S.W.2d 1 (Mo.1966); *State v. Ransom,* 412 S.W.2d 125 (Mo.1967), and *State v. Starks,* 419 S.W.2d 82 (Mo. 1967), where the absence of evidence identifying the substance involved as being a proscribed drug precluded conviction.

■ Appellant's final assignment of error is: "That the trial court erred in not granting a new trial or mistrial due to prejudice and confusion created among the jury so that the jury could not have been reasonably able to determine either the offense charged or the true facts of the case." Again, this is related to appellant's primary theory of error, above rejected, but, in any event, no such claim as found in this assignment was presented to the trial court, so it is not before this court for review. *State v. Bowens,* 476 S.W.2d 495, 498–499[4, 5] (Mo. 1972); *State v. Bolden,* 525 S.W.2d 625, 633[9] (Mo.App.1975).

Judgment affirmed.

All concur.