STATE of Missouri, Respondent,

v.

James Douglas DIXON, Appellant.

No. 28419.

Missouri Court of Appeals, Kansas City District.

Jan. 31, 1977.

R. M. Gifford, Green City, for appellant; Gifford & Gifford, Green City of counsel.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

PRITCHARD, Chief Judge.

In a trial to the court, appellant was found guilty of the sale of marihuana, and was sentenced to five years imprisonment in the Department of Corrections.

Appellant makes three contentions for reversal. The first point is that the court erred in refusing to "quash" the indictment because it failed to specify the nature of the controlled substance allegedly sold, and failed to negative the exceptions to the definition of marijuana contained in § 195.010(20), RSMo Supp., 1975, thus placing an unconstitutional burden of proof on appellant under § 195.180.

 The relevant portion of the indictment alleged that appellant "did willfully, unlawfully and feloniously sell a certain controlled substance, to-wit: Marijuana, botanically known as Cannabis Sativa L * * *." § 195.010(20), RSMo Supp.1975, defines marihuana as " * * * all parts of the plant genus Cannabis in any species or form thereof, including, but not limited to *Cannabis Sativa L.* * * * It does not include the mature stalks of the plant, fiber produced from stalks (except the resin extracted therefrom), fiber, oil or cake, or the pound, manufacture, salt, derivative, mixture or preparation of the mature stalks * * *." (Italics, supra, added.) § 195.020, under which appellant was charged, provides that "It is unlawful for any person to * * * sell, * * * any controlled or counterfeit substance except as authorized in Section 195.010 to 195.320 * * *." § 195.180 provides, "In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this law, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this law, and the burden of proof of any such exception, excuse, proviso or exemption, shall be upon the defendant." The issue of the specificity of the allegation as to what portions or derivatives of the plant were sold was ruled in *State v. Page,* 395 S.W.2d 146, 148[2] (Mo.1965), where it was held that the challenge to the indictment was without merit. § 195.180 was noted as

authorizing the indictment to be in the language used. Besides, the exceptions to the definition of marihuana in § 195.010(20), supra, are contained in a separate sentence, and in that circumstance, *State v. Bridges,* 412 S.W.2d 455, 457 (Mo.1967), controls. It was there said that where exceptions are not a part of the statutory definition of the crime (e. g., here possession, sale, etc. of the stalks, fibers, etc., are not crimes), but are contained in distinct and independent clauses of the statute, or in separate sections, it is not usually necessary either to plead or prove them, and that the exceptions are purely matters of affirmative defense. See also *State v. Collins,* 394 S.W.2d 368, 371[5] (Mo.1965), holding that a federal judgment of conviction for possession and sale of heroin was admissible as a prior felony conviction for Second Offender purposes despite its failure to contain specific negation of the state narcotic exemption statutes, § 195.020, et seq.

 In this case Chemist Durham testified that the green plant material in evidence was marihuana. The terms "cannabis" and "marihuana" are synonymous. *State v. Simpson,* 534 S.W.2d 568, 570 (Mo. App.1976). The state further proved that the green plant material was not mature stalks or other material not defined as marihuana, and appellant stipulated *twice* at trial, that it was a controlled substance. The state, perhaps unnecessarily, shouldered the burden of proof as to the exceptions to the definitions of marihuana not being in the case. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), cited by appellant, held merely that the reasonable doubt standard of criminal law applies to juvenile proceedings as a matter of constitutional due process of law. *Mullaney v. Wilbur,* 421 U.S. 684, 701, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), held that a Maine rule placing the burden of proof upon a defendant to prove he acted in heat of passion on sudden provocation did not comport with the requirement of the due process clause of the fourteenth amendment that the prosecution must prove beyond a reasonable doubt every fact neces-

sary to constitute the crime charged. As above construed, the indictment specified the elements of the crime charged, it not being necessary to negative the separately enumerated exceptions. No unconstitutional shifting of the burden of proof is here involved. Point I is overruled.

■ Appellant's second point is a composite of three contentions for reversal. The first is that the trial court erred in overruling the motion for new trial because the verdict was against the weight of the evidence. This contention need not be noticed other than to say that in a court-tried case under Rule 26.01, the findings of the court shall have the same force and effect of a verdict of a jury, and review shall be in the same manner as though a verdict of guilty had been returned by a jury. *State v. Haislip,* 411 S.W.2d 81 (Mo.1967). See *State v. Simmons,* 494 S.W.2d 302, 303[2] (Mo. 1973), holding that the weight of the evidence in either a court or a jury tried (criminal) case is not reviewable by an appellate court.

■■ The second contention of Point II is that the state failed to show a sale of the controlled substance. Appellant seems to base that contention on the evidence that Debbie, his then wife, actually handed the marihuana to Trooper Moses and took the money from him. The argument ignores the further evidence that Moses and appellant bartered for a quantity of marihuana, and a price was established between them. Appellant then brought the marihuana from the kitchen to the living room where he handed it to Debbie, who handed it to Moses, who handed Debbie $30.00, who handed the money to appellant. These facts, with Debbie only as a conduit, causes them to fall within the definition of a "sale" under § 195.010(30) RSMo (Laws 1975, p. ——, H.B. 438, § 1), as including "barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee; * * *." Obviously, under the evidence, appellant was the principal actor in the transaction. See *State v. Sykes,* 478 S.W.2d 387, 389–390

(Mo.1972). Appellant also argues as his third contention that the state failed to show his possession of the controlled substance, evidently claiming that possession is an element of sale. It is not necessary to decide the contention as the evidence clearly shows appellant's possession when he got the marihuana from the kitchen. Point II is overruled.

■ One year and four months after the indictment was filed and two days before trial was to begin (in October, 1975), appellant filed a request for continuance and for a psychiatric examination under § 552.020, 2 RSMo (Supp.1975). The court overruled it as not being timely but the appellant concedes that the real issue is whether the court had reasonable cause to believe that appellant had a mental disease or defect excluding fitness to proceed, which is the requirement under the statute. See *State v. Rand,* 496 S.W.2d 30, 36[10] (Mo.App. 1973), and cases there cited and quoted. As in the *Rand* case, appellant's motion stated no facts which would raise a reasonable doubt in the mind of the court that appellant was suffering from a mental disease or defect. In support of the motion, appellant did testify that in September, at the suggestion of his father, that he seek some sort of psychiatric evaluation, he saw Dr. George J. Lytton, M.D., of Kansas City. Dr. Lytton suggested that appellant come back and get in touch with him again, but appellant did not return because he was in jail in Trenton, Missouri, on a sentence for careless and imprudent driving. A report was to have been made by Dr. Lytton after appellant saw him again. On the first visit, Dr. Lytton thought it might be a good idea if appellant would seek help in a private institution of some sort. On cross-examination, appellant acknowledged that he assisted his counsel somewhat in preparing for the deposition of Trooper Moses; that he knew he was charged with selling marihuana; that he saw his counsel possibly once every six to eight weeks since the indictment was returned, and would talk to him about his defense; and that he went to see Dr. Lytton basically because of his emotional state.

Although it is true under *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), that if at any stage of the proceedings a bona fide doubt as to a defendant's competency to proceed arises, the doubt must be resolved. Considering all the evidence here, the court did resolve the matter, and not improperly so. What is significant is that on October 22, 1975, two days before the case was set for trial, appellant appeared with counsel and waived trial by jury. At that time the court extensively questioned appellant as to his understanding of his rights to jury trial. At that time appellant acknowledged that he had a full understanding of the proceedings against him. It further appears that medication appellant was receiving for headaches, and a tranquilizer, would not affect his ability to make a decision, and after a conference with counsel and all the members of the family, they were of the opinion that appellant had the capacity to think through whether he wanted to have a jury trial. There is no evidence which would raise a reasonable doubt as to appellant's ability to stand trial, and the court did not err in overruling the motion for continuance and psychiatric examination. Point III, raising the issue, is overruled.

The judgment is affirmed.

All concur.