Douglas W. THOMPSON,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10802.

Missouri Court of Appeals,
Springfield District.

July 24, 1978.

George R. Wilhoit, Jr., Glenn E. Easley, Hyde, Purcell, Wilhoit, Edmundson & Merrell, Poplar Bluff, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before BILLINGS, C. J., and HOGAN and TITUS, JJ.

HOGAN, Judge.

In this postconviction proceeding under Rule 27.26, V.A.M.R., petitioner Douglas W. Thompson seeks to vacate a life sentence imposed by the Circuit Court of Butler County on June 1, 1961, after a jury had found him guilty of first-degree murder. The trial court has denied an evidentiary hearing and has dismissed the motion on the grounds that all the matters alleged as grounds for relief are trial errors, do not constitute a collateral attack on the judgment and sentence and are therefore not subject to review under Rule 27.26. The petitioner appeals.

The proceeding under review was commenced on August 5, 1976. The original motion or petition averred, in vague and conclusional terms: (a) that one of the instructions given at the trial unlawfully shifted the burden of proof to the petitioner, and (b) that the trial court violated the due process clause of the 14th amendment to the United States Constitution by failing to instruct the jury on murder in the second degree or manslaughter. The petitioner upon oath replied to part 10(b) of the prepared form—"Prior to this motion have you filed with respect to this conviction [a]ny petitions in state or federal courts for habeas corpus"?—by answering "No." He further averred that no ground for relief set forth in the petition had been previously presented to any court, state or federal. Counsel was promptly appointed for the petitioner. The State moved to dismiss the petition without an evidentiary hearing upon the ground that the petitioner had not pleaded facts which would entitle him to relief, and that the errors complained of were not cognizable under Rule 27.26. The trial court took the matter under advisement, denied an evidentiary hearing and, relying on *State v. Smith*, 411 S.W.2d 208, 210[7] (Mo.1967), and like rulings, held that all the petitioner's allegations were directed to trial errors and were therefore not subject to review under Rule 27.26. Well within 30 days thereafter, the court set aside its order and granted leave to file an amended motion.

On May 31, 1977, the petitioner filed an amended motion, setting up, in substance, that he had been deprived of a fair and impartial trial because: (a) he was not permitted to conduct a voir dire examination of the jury panel sufficient to determine whether or not the jurors were prejudiced; (b) the courtroom was "dominated" by the presence of armed police officers in the courtroom; (c) the petitioner was deprived of a trial by jury composed of a true cross-section of the community; and (d) the trial court improperly suppressed evidence which

would have demonstrated the petitioner's innocence, or "allowed" a witness to perjure himself. The petitioner prayed an evidentiary hearing. The amended motion was taken under advisement. The trial court again reviewed the original motion and considered the amendments thereto, denied an evidentiary hearing and again dismissed the petition upon a finding that all the allegations of the petition were directed to trial errors, did not constitute a collateral attack upon the judgment, and were not reviewable in a proceeding under Rule 27.26. The petitioner has appealed from this order.

While we do not propose to decide this appeal on procedural grounds, a prefatory note seems appropriate. The substance of the petitioner's argument in this court is that even if the allegations of the petition are directed to trial errors, those errors were such as to infringe the petitioner's constitutional rights; therefore he should have been granted an evidentiary hearing. There is authority for the proposition that trial errors may be reviewed in a postconviction proceeding if the trial error affects constitutional rights, but that principle is subject to the qualification that trial error is not made reviewable simply by alleging in conclusional terms that the trial error violated the petitioner's constitutional rights. *Crawford v. State*, 554 S.W.2d 491, 493[3] (Mo.App.1977). Certainly it is arguable here that the petition is insufficient as a pleading, even if constitutional issues are indirectly involved. For example, the original motion, which appears to have been drafted pro se, contains the allegation that the burden of proof was unconstitutionally shifted to the defendant by the giving of a single instruction. The rule ordinarily applied to postconviction proceedings challenging state convictions is that the constitutional effect of a charge to the jury may not be determined by isolated review of a single instruction. *Cupp v. Naughten*, 414 U.S. 141, 146–147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368, 373 (1973).[1] Therefore it could

easily and quite reasonably be maintained that allegations of constitutional error based on the giving of a single instruction raise no genuine constitutional question. *Young v. Anderson*, 513 F.2d 969, 972[3, 4] (10th Cir. 1975). And, without elaborating, a persuasive argument could be made that the petitioner's challenge to the composition of the jury is insufficient to raise a constitutional question in the absence of an allegation that a contemporaneous (i. e., timely) objection was made by challenge to the array, or allegations of cause for untimely challenge and prejudice resulting from the improper selection of the venire. Our law requires that a challenge to the array of petit jurors be made before the jury is sworn, *State v. Robinson*, 484 S.W.2d 186, 188[4] (Mo.1972), and constitutional objections to the composition of a jury may be waived by failure to make a timely objection. Cf. *Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 2505–2506, 53 L.Ed.2d 594, 606–607 (1977); *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); *Fields v. State*, 468 S.W.2d 31, 32[1] (Mo.1971).

The point of this extended preliminary discussion is to demonstrate that we would be obliged to affirm the trial court's ruling were it not for the unusual circumstances which have been brought to the court's attention on appeal. Those circumstances were not before the trial court, for whatever reason, but in our opinion its evaluation of the utility of an evidentiary hearing might have been quite different had they been made known.

The remarkable aspect of this appeal is raised by the State's brief. Citing *Layton v. State*, 500 S.W.2d 267, 269 (Mo.App. 1973), the State asks this court to take notice of the record developed in a federal habeas corpus proceeding which was decided adversely to the petitioner in 1977. This proceeding, through its various stages, has

---

1. See also *Mullaney v. Wilbur*, 421 U.S. 684, 704–705, 95 S.Ct. 1881, 1892–1893, 44 L.Ed.2d 508, 523 (1975) (concurring opinion, observing that it was "highly unusual" to consider the "abstract question of law" presented by the giving of a single instruction on federal habeas corpus).

been incorporated in the State's brief as an "appendix." This printed appendix indicates that in 1976, petitioner filed a pro se application in the United States District Court for the Eastern District of Missouri seeking habeas corpus pursuant to 28 U.S.C. § 2254. One of the two points advanced by the petitioner was that he had been deprived of the effective assistance of counsel because his attorney, Byron Kearby, failed to brief and argue an appeal from the conviction petitioner now seeks to vacate. The District Court concluded that the petitioner had abandoned his appeal voluntarily for strategic reasons. This decision, according to the State, was affirmed by the United States Court of Appeals for the Eighth Circuit by memorandum decision. The State now argues most vigorously that the printed appendix should be noticed judicially here, and that the proceeding in federal court establishes as a matter of law that the petitioner deliberately bypassed normal appellate procedure, thereby waiving his right to assert constitutional issues in this proceeding. It is, of course, established law that where there is a deliberate bypass of orderly state procedure, whether for strategic, tactical or other reasons, a criminal defendant is precluded from raising a constitutional issue in a postconviction proceeding. See *McCrary v. State*, 529 S.W.2d 467, 472–474[7] (Mo.App.1975), where the principle of deliberate bypass is developed in scholarly detail.

■ This court cannot notice the "appendix" to the State's brief. In some circumstances, where the record itself is before this court, it has been considered appropriate to take notice of the record in another proceeding, e. g., in *Layton v. State*, supra, 500 S.W.2d at 269–270, the court took notice of the record on appeal in a proceeding under Rule 27.26, principally on the ground that the postconviction proceeding was collateral to the criminal action. Noticing an appendix or other inclusion in the brief when the original record itself has not been produced in evidence is another matter; the "appendix" does not rise to the dignity of proof and cannot be considered on review. See, e. g., *Davis v.*

*Long*, 521 S.W.2d 7, 9[4] (Mo.App.1975). Moreover, conventional notions of res judicata and collateral estoppel do not apply to federal habeas corpus proceedings. *Wilwording v. Swenson*, 502 F.2d 844, 848–849[5][6, 7] (8th Cir. 1974). All the same, we have no reason to suppose the Attorney General would undertake to misrepresent the record. So, we are left with a record which most strongly suggests that: (1) a full and complete transcript of the record of the original trial is available; (2) that the testimony of petitioner's trial counsel is readily available in Butler County; (3) that the existence of the federal proceeding was not known to the Circuit Court of Butler County when this petition was considered; and (4) that some or all of the petitioner's assertions of constitutional error may be barred by the doctrine of deliberate bypass, as fully elucidated in *McCrary v. State*, supra, 529 S.W.2d at 472–474, or by the petitioner's procedural default, i. e., failure to timely object, as discussed in *Wainwright v. Sykes*, supra, 433 U.S. at 86, 97 S.Ct. at 2505–2506, 53 L.Ed.2d at 607–608.

■ We conclude the judgment should be reversed and the cause remanded for an evidentiary hearing. While this court is fully sensible of the gravity of constitutional error in any criminal trial, the State should have a reasonable opportunity to vindicate its criminal process, and if the petitioner's claims of constitutional error were long ago deliberately forgone, he has no right to clog the docket with objections which are a product of his continuing legal education while in prison. Cf. *Grant v. State*, 486 S.W.2d 641, 643–644[1, 2] (Mo. 1972).

The cause is reversed and remanded for an evidentiary hearing. The petitioner shall be permitted to amend his motion if he so desires, and shall be instructed to include all grounds for relief now available to him under Rule 27.26. It is so ordered.

All of the Judges concur.