**James Douglas DIXON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD32480.**

Missouri Court of Appeals,
Western District.

Oct. 13, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Nov. 17, 1981.

R. M. Gifford, Green City, for appellant.

John Ashcroft, Atty. Gen., Nancy J. Appelquist, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

WASSERSTROM, Judge.

James Douglas Dixon was indicted and convicted for sale of a controlled substance. On direct appeal, that conviction was affirmed. *State v. Dixon*, 546 S.W.2d 774 (Mo.App.1977). Then on November 24, 1978, he filed a motion under Rule 27.26. In the course of that proceeding he stated that he had been "released" from confinement, and because of that statement the trial court treated the application as one for coram nobis. As such, relief was denied.

Dixon then appealed from that denial. This court reversed and remanded the case for a clarifying finding as to whether the "release" was by way of parole or commutation of sentence. As this court pointed out at that time, if the release was under a parole, the proper procedure was under Rule 27.26; whereas if the release was under commutation of sentence, then the proper procedure was by way of coram nobis. *Dixon v. State*, 594 S.W.2d 360 (Mo. App.1980).

After remand, the parties stipulated that Dixon had been paroled on March 23, 1978, for a period which would expire on February 4, 1987. That stipulation was accepted by the court; and in January 1981, the trial court entered a new order overruling Dixon's motion to vacate and set aside sentence and judgment. From that order, Dixon again duly appealed.

The facts pertinent to the present appeal are as follows. Dixon and his then wife Debbie were charged by separate indictments with a joint sale of marijuana. Each of them employed separate attorneys. Debbie employed Mr. Robert Devoy, and she went to Devoy's office on several occasions to confer accompanied by Dixon. At that time, Mr. James P. Williams was associated with Devoy. Dixon and Debbie both testified that Williams was present at and participated in several of the conferences which they had with Devoy. According to them, Williams was up and about during the meetings. He would stand, sit, listen, inquire, comment, and leave the room only to reenter later. Dixon testified that he recalled one occasion upon which Williams took notes.

Williams testified that he did not remember participating in any of the meetings, but acknowledged it was possible. He probably walked in and out of Devoy's office while a meeting was in progress, but he could not recall participating in any way or even hearing any of the conversation which transpired between Debbie, Dixon and Devoy.

Dixon's trial commenced on October 24, 1975. By that time Debbie had pleaded guilty. Also, by that time Williams had become an Assistant Prosecuting Attorney, and he assumed some participation (although relatively minor) in the prosecution against Dixon.

That participation by Williams in the prosecution forms the basis of Dixon's sole point on this appeal. That point urges that the conviction should have been vacated "Because the Assistant Prosecuting Attorney's Active Participation in the Prosecution of Movant-Appellant Violated Movant-Appellant's Right to a Fair Trial in That the Assistant Prosecuting Attorney Secured Confidential Information From the Movant-Appellant Through Representation of a Codefendant, Which Information Concerned the Offense With Which Movant-Appellant Was Charged."

A sufficient answer to that point lies in the fact that under Rule 27.26(f), Dixon had the burden of proving the allegations of his motion, and he failed to prove that Williams did in fact obtain any confidential information as alleged. Although he was asked repeatedly to identify any piece of confidential information which came to Williams' attention in Devoy's office and which was used in the course of the prosecution, Dixon was unable to make any such specification. The purport of Williams' testimony was all to the effect that he did not become privy to any confidential information by reason of his association in Devoy's office.

With respect to this matter, the trial court found as follows:

"[A]ttorney Williams was probably physically present on some occasions when Debbie conferred with Mr. Devoy and probably present on some occasions when Movant and wife conferred with Mr. Devoy. There is no evidence, and no reason to think or suspect, that Mr. Williams received any information from Mr. Devoy or from Movant, or from Debbie of a confidential nature, or received information that was prejudicial to Movant. There is no evidence that information of any kind obtained by Mr. Williams while associated with Mr. Devoy, was used in the prosecution of Movant. . . .

\* \* \* \* \* \*

"Any disclosure of such information, for any purpose, would certainly be improper. Whether or not anyone but Debbie could object is a question that need not be decided, as there is no suggestion, and this court does not believe, that any confidential information was disclosed."

Those findings by the trial court are not clearly erroneous and are therefore binding on this court under Rule 27.26(j).

In the argument portion of his brief, Dixon goes somewhat beyond his Point Relied Upon and hints that his right to relief is not dependent upon showing that Williams obtained and used confidential information, but rather that it is sufficient for him to show that Williams violated a duty to avoid the appearance of impropriety. In that connection, Dixon cites *State v. Burns*, 322 S.W.2d 736 (Mo.1959) and *State v. Boyd*, 560 S.W.2d 296 (Mo.App.1978). In both of those cases, despite no proof that confidential information was misused, convictions were reversed because an attorney who had previously been in a position of representing the defendant thereafter assumed a prosecution role against him. In each of those cases, however, the following factors were present: (1) the attorney or his office had an attorney-client relationship with the defendant himself; and (2) the objection was raised and ruled in the direct appeal from the conviction. Neither of those factors exist in the instant case.

With respect to the attorney-client relationship, Devoy was attorney for Debbie, not for Dixon. Through his association with Devoy, it can be said that Williams had some attorney-client relationship with Debbie, but that did not extend to a similar relationship on his part with Dixon. Of the cases which have considered this subject, a majority hold that prior representation of a co-defendant does not bar a lawyer who becomes a prosecuting attorney from proceeding against the co-defendant whom he did not represent. Annot., *Disqualification of Prosecuting Attorney On Account of Relationship With Accused*, 31 A.L.R.3d 953, Sec. 5, l.c. 973 (1970).

Nor did Dixon make any complaint either at trial nor in the first appeal with respect to Williams' participation in the prosecution of him. His complaint on this score comes now for the first time by collateral attack in a post conviction motion. What may have been a persuasive point on direct appeal, even absent a showing of actual prejudice, no longer stands sufficient in a post conviction proceeding. The matter complained of "must have resulted in prejudice to defendant's rights before the defendant will be entitled to any postconviction relief." *Lee v. State*, 573 S.W.2d 131, 133 (Mo.App.1978). As otherwise stated, "an issue which could have been raised on direct appeal, even though it is a constitutional claim, may not be raised in a post conviction motion, except where fundamen-

tal fairness requires otherwise and only in rare and exceptional circumstances." *McCrary v. State*, 529 S.W.2d 467, 472 (Mo. App.1975); *Covington v. State*, 600 S.W.2d 186, 188 (Mo.App.1980). For the reasons stated by the trial court in its findings of fact, no prejudice has occurred to Dixon by reason of the circumstances here involved, and the fairness of his trial was not impaired.

Affirmed.

All concur.