Douglas THOMPSON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12758.

Missouri Court of Appeals,
Southern District,
Division Three.

May 2, 1983.

Motion for Rehearing Overruled and to
Transfer to Supreme Court Denied
May 17, 1983.

Application to Transfer Denied
June 30, 1983.

David E. Woods, Regional Public Defender, Poplar Bluff, for movant-appellant.

John D. Ashcroft, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

On June 1, 1961, a jury found movant guilty of first-degree murder and he was subsequently sentenced to life imprisonment. He filed a notice of appeal from the conviction but his appeal was not perfected and was later dismissed by the Supreme Court of Missouri. On August 5, 1976, he filed a motion under Rule 27.26, seeking to vacate the conviction and sentence. The trial court denied the motion without an evidentiary hearing and on appeal this district reversed and remanded it back to the trial court for an evidentiary hearing. *Thompson v. State,* 569 S.W.2d 380 (Mo. App.1978).

After remand, the Honorable Flake L. McHaney was appointed Special Judge to hear the motion. Following an evidentiary hearing the court denied the motion, finding, contrary to movant's assertion, that his attorney abandoned the appeal from the conviction, "with full knowledge and with the consent and at the direction of the defendant." The trial court determined that movant "therefore did deliberately bypass the opportunity to present on appeal his claims of error in the trial court and therefore is now precluded from so doing under his Rule 27.26 Motion." If those findings are correct, movant is not entitled to the relief requested. A defendant who deliberately bypasses his right of appeal cannot by postconviction proceedings raise claims of error that he might have raised on

that appeal. *Thompson v. State,* 576 S.W.2d 541, 545–546 (Mo.App.1978); *Thompson v. State,* supra, 569 S.W.2d at 383.

The trial judge based his findings primarily on the testimony of movant's counsel in the criminal proceeding which he found "believable". That counsel testified that movant was pleased with the result of the trial because he feared that he might receive the death penalty and did not want a new trial because of the possibility that he might receive it on retrial. The attorney testified that the appeal was initiated because movant was charged in another case which was to be tried soon after the conviction questioned here and he and movant did not want this conviction to become final and be used for impeachment when movant testified in that case. See § 491.050, RSMo 1959; *State v. Blevins,* 425 S.W.2d 155 (Mo.1968). Movant's counsel testified that he fully discussed the appeal with him and movant did not want him to perfect the appeal. In movant's testimony he denied that such a conversation took place and said that he wanted the appeal perfected.

Movant contends that the trial court's findings on his motion were erroneous because he did not deliberately forego the appeal of the conviction. He contends that the "trial court has abused its discretion by basing its decision to believe" his counsel "on things not in evidence". Movant had the burden to establish his grounds for relief by a preponderance of the evidence. Rule 27.26(f). Our review is to determine if the trial court's findings, conclusions, and judgment are clearly erroneous. Rule 27.-26(j).

The trial court stated that it found the testimony of movant's prior counsel believable because there was good reason to initiate the appeal in order to prevent the conviction from being used to impeach movant in the case scheduled for trial thereafter; that an attorney would feel that the death penalty might be imposed and "it is therefore believable that an intelligent conclusion would be to accept the life sentence rather than run the risk of a possible death sentence if the case was retried"; that the "judgment" of the decision not to appeal "is further fortified by the common knowledge that most persons sentenced to life imprisonment serve less than twenty years"; and that no action was taken by movant for several years, until "an advantageous time when he had nothing to lose and everything to gain."

This motion was filed twelve years after movant received notice of the dismissal of the appeal. During this period through other counsel defendant engaged in extensive litigation regarding the other charge.

Whether defendant voluntarily abandoned his appeal was for the trial court to determine based upon the credibility of the witnesses before it. Weighing the evidence and assessing the credibility of witnesses is for the trial court. *Trimble v. State,* 588 S.W.2d 168, 170 (Mo.App.1979). See also *Bradley v. State,* 494 S.W.2d 45, 48 (Mo.1973); *Donaldson v. State,* 477 S.W.2d 84, 86–87 (Mo.1972); *Roe v. State,* 459 S.W.2d 371, 374 (Mo.1970). The findings of the trial court were supported by the evidence and the reasons for those findings were based on that evidence and on the trial judge's extensive knowledge and experience of criminal proceedings. The trial court's findings are clearly erroneous only when we are left with a firm conviction that a mistake has been committed. *Bradley v. State,* 564 S.W.2d 940, 943 (Mo.App. 1978). No such mistake is present here.

Movant's motion to strike is sustained and the supplemental legal file prepared by respondent is ordered stricken from the file and returned to respondent. The matters contained in the supplemental legal file were not reviewed or considered in making the decision on the merits of this appeal.

The judgment is affirmed.

GREENE, C.J., CROW, P.J., and FLANIGAN and TITUS, JJ., concur.