**STATE of Missouri,
Plaintiff-Respondent,**

v.

**William DURHAM, Defendant-Appellant.**

No. 13465.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 28, 1984.

Motion for Rehearing or to Transfer to
Supreme Court Denied Sept. 5, 1984.

Application to Transfer Denied
Oct. 9, 1984.

John D. Ashcroft, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Donald L. Catlett, Asst. Public Defender, Rolla, for defendant-appellant.

GREENE, Judge.

Defendant, William Durham, was jury-convicted of the class D felony of passing a bad check, § 570.120.1[1] and, after determination by the trial court that Durham was a persistent offender, sentenced to three years' imprisonment. Durham was credited with 457 days spent in jail from the date of his arrest until time of trial as part of his sentence.

The evidence offered by the state at trial proved beyond a reasonable doubt that Durham, with the purpose to defraud, issued a $400 check drawn on the Security Bank of Auxvasse, Missouri, payable to Bennie Coleman, knowing that it would not be paid. Durham, a livestock trader, purchased goats and chickens from Coleman, and paid for them with the worthless check in question.

■ Durham's first contention on appeal is that the trial court erred in denying his motion to dismiss the information because his right to a speedy trial was violated. The four factor test utilized in assessing an alleged violation of the constitutional right to a speedy trial is 1) length of delay, 2) reason for delay, 3) defendant's assertion of his right, and 4) prejudice to defendant. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972).

1. All references to statutes are to RSMo 1978, V.A.M.S.

■ While the record shows that approximately 13 months passed from the time Durham was arrested in Arkansas on the charge in question until he was finally tried, there is no allegation by Durham, or evidence in the record, to show that he was prejudiced by the delay. Some of the delay in this case was occasioned by Durham 1) fighting extradition from Arkansas, 2) requesting and receiving a mental examination to bolster a later abandoned plea of not guilty by reason of mental disease or defect, and 3) a side trip to Jasper County to face bad check charges there. As to the rest of the delay, there is nothing in the record to indicate it was purposely caused by the state, or was the result of bad faith.

Further, the delay that was unexplained was not so lengthy as to amount to prejudice per se. *State v. Powers*, 613 S.W.2d 955, 957–958 (Mo.App.1981); *State v. Hollis*, 584 S.W.2d 137, 142–143 (Mo.App.1979). The delay in this case between time of arrest and time of trial was not prejudicial, and did not violate defendant's constitutional rights.

■ Durham's remaining point alleging trial court error is that the state failed to prove beyond a reasonable doubt that Durham was a persistent offender, as required by §§ 558.016 and 558.021. On the issue in question, the state offered proof in the form of certified copies of judgments of conviction that Durham had, on two prior occasions, been convicted of unrelated felonies involving bad checks, one in Kansas and one in Wyoming. At the hearing on the persistent offender issue, Durham testified that he had received a "full and conditional" pardon from the governor on the Wyoming charge. Durham offered no documentation in support of his contention. The trial court did not have to believe Durham, and evidently did not. Assessment of the credibility of witnesses is for the trial court, not us. *Thompson v. State*, 651 S.W.2d 657, 658 (Mo.App.1983). There was sufficient evidence in the record consisting of certified documents to conclusively prove beyond a reasonable doubt that Durham was a persistent offender by reason of having previously been convicted of two unrelated felonies. The point has no merit.

We find no error in any of the trial court's rulings or actions complained of here. Judgment affirmed.

TITUS, P.J., and FLANIGAN, J., concur.

