Daniel Lee KENT, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 36181.

Missouri Court of Appeals,
Western District.

Sept. 3, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Oct. 22, 1985.

Joseph H. Locascio, Special Public Defender, Jane McQueeny, Asst. Special Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, P.J., and PRITCHARD and CLARK, JJ.

PRITCHARD, Judge.

On May 12, 1978, appellant was convicted of the crime of rape and he was thereafter sentenced to 20 years imprisonment. The judgment of conviction was affirmed, *State v. Kent* 602 S.W.2d 799 (Mo.App.1980).

Appellant had first filed a motion pro se under Rule 27.26 on August 15, 1981, which was amended pro se and by his court-appointed attorney. The court indicated that the motion did not state a claim, denied a hearing, but gave appellant another opportunity to amend. He chose not to amend but to ask for a dismissal of his motion, and it was dismissed without prejudice on November 27, 1983, without an evidentiary hearing, from which an appeal was taken, and counsel was appointed who asked that the court set aside the order of dismissal and to permit the filing of an amended motion. Permission was granted and the present amended motion was filed on May 22, 1984.

Two points are presented under the last amended motion: (1) appellant was denied effective assistance of counsel when his

attorney failed to object to the statutory exclusion of women from his jury panel; and (2) he was denied effective assistance of counsel in that his trial counsel failed to introduce evidence that appellant had gonorrhea at the time he allegedly committed the rape, and that if he had in fact raped the victim, she would also have contracted that disease. He states that there was no evidence that the victim had any venereal disease at the time she was examined.

Appellant has filed two briefs. The first attacks only the trial court's ruling, done without an evidentiary hearing, on the allegation that counsel was ineffective in failing to introduce evidence that he had gonorrhea at the time of the alleged rape, referred to above. The trial court ruled this allegation on the motion, making findings and conclusions: "Conclusionary statements of ineffective assistance of Counsel are not sufficient to state a claim for relief or require an evidentiary hearing. Such statements are conclusory unless the facts stated, if true, are sufficient to entitle movant to relief. Here, movant does not allege that his Counsel knew that movant had the disease at the time of the rape (It's not even alleged that he *did* have it), or that it was in a state in which he was contagious. Nor is it alleged that the victim did *not* contract the disease. The motion merely says there was 'no evidence' she had the disease when she was examined. * * *."

■ The basic premise of any defense, by inference or otherwise, is that appellant's counsel must have known in fact that appellant had the disease of gonorrhea at the time of the alleged rape. Appellant was the one person who could have conveyed that information to his counsel, which if it were true, counsel could have pursued the facts and assembled medical evidence that the disease, if it existed, was in the contagious stage and that the victim would have contracted it in the course of the rape. *State v. Johnson*, 479 S.W.2d 416, 420 (Mo.1972), rules the contention. There the allegation of ineffective assistance of counsel was "(a) he failed to inves-

tigate and pursue the defense of involuntary intoxication by reason of drugs; * *." Appellant told counsel that he had been taking medication in the form of pills, but he did not tell him that he even thought the medication caused any adverse condition or that he had taken the pills improperly. The court said, page 420[6], "In the preparation of a case a lawyer is not required to be clairvoyant, and he must of necessity rely on information furnished him by his client." As to this contention appellant failed to allege facts which if true would have entitled him to relief, and the trial court therefore did not err in denying it.

■ As to the contention (1) of the last amended motion that appellant was denied effective assistance of counsel when he failed to object to the statutory exclusion of women on the jury panel, the trial court's ruling was correct. Appellant's trial was concluded by the jury's finding of guilt in May, 1978. The state of the law was *at that time* with respect to the validity of the statute granting women the right to choose not to serve on jurys settled in *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977), decided September 27, 1977. It was not until January 9, 1979, that *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), was decided reversing *State v. Duren*, supra. Thus, appellant's case fell in between those dates. The matter of ineffective assistance of counsel in failing to raise a Duren claim in cases tried between the two dates was ruled in *Benson v. State*, 611 S.W.2d 538, 544[6], et seq. (Mo.App.1980), that no lawyer should be found to be incompetent in failing to predict the ultimate result in *Duren v. Missouri*, supra. See also *Larrabee v. State*, 616 S.W.2d 542, 543 (Mo.App.1981), "The professional performance of a lawyer was not ineffective for failure to anticipate that change in the constitutional law of the land"; *Williamson v. State*, 628 S.W.2d 895, 897–898 (Mo.App.1981). The cited cases require a ruling against appellant on his contention (1).

Appellant, however, goes further. By his supplemental brief filed in this court, he

raises the issue that a denial of a fair cross-section of the community, the exclusion of women on the jury panel, entitles him to a vacation of his sentence and a new trial under *Duren v. Missouri*, supra. This allegation was contained in appellant's pro se motion, which was dismissed, the dismissal being set aside, but the pro se allegation was not included in the last amended motion permitted to be filed. Assuming that the pro se allegation was somehow resurrected for the consideration by the trial court (to which it was not presented), it is clear under the cases that it has no merit in this Rule 27.26 appeal.

In *Williamson v. State*, 628 S.W.2d 895, 897 (Mo.App.1981); in *Merritt v. State*, 635 S.W.2d 27, 28 (Mo.App.1982); and in *Smith v. State*, 684 S.W.2d 520, 522 (Mo.App.1984), it was held that a violation of the cross-section of the community requirement in the jury selection process (under *Duren v. Missouri*, supra) could not be presented for the first time on appeal from a denial of the Rule 27.26 motion. Appellant has filed in this court copies of the Supreme Court habeas corpus orders in *Larry J. Merritt v. Donald Wyrick, Warden*, No. 64115, dated January 19, 1983; and *William Williamson v. Carl White, Warden*, No. 64865, dated April 21, 1983, both of which recited that each petitioner "was convicted by a jury selected in violation of *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979)", and each is entitled to a new trial under *State v. Johnson*, 606 S.W.2d 624 (Mo. banc 1980). In Merritt's case, the judgment of affirmance of conviction by this court on October 29, 1979 (591 S.W.2d 107), was vacated. Williams' judgment of affirmance by this court on June 11, 1979 (584 S.W.2d 628), was also vacated. Both petitioners were ordered to be retried within 60 days from the dates of the orders in habeas corpus, or be discharged from the charges against them. There is no showing as to what happened in any further proceedings in either case. Quite apparently, the court was following its precedent in *State v. Johnson*, supra, that a challenge to the jury selection process must be considered on direct appeal under the plain error rule. In no way do these orders in habeas corpus proceedings affect the precedents that trial errors, such as those in jury selection processes, may not be considered for the first time in appeals from denials of relief in Rule 27.26 motions. For this reason, appellant's contention raised in his supplemental brief is without merit.

The judgment is affirmed.

All concur.