Jesse BROWN, Jr., Movant-Appellant,

v.

STATE of Missouri,
Plaintiff-Respondent.

No. 14547.

Missouri Court of Appeals,
Southern District,
Division Two.

April 30, 1987.

Susan L. Hogan, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

Upon trial to a jury, movant Jesse Brown, Jr., was convicted of one count of second-degree burglary in violation of § 569.170, RSMo 1978, and one count of stealing as defined and denounced by § 570.030, RSMo Supp.1983. Brown's punishment was assessed at imprisonment for 6 years on each count, the sentences to run concurrently. Brown appealed, but later voluntarily dismissed the appeal.

Thereafter, in this proceeding, Brown (hereinafter movant) filed two pro se motions for postconviction relief pursuant to Rule 27.26. The motions were consolidated and a public defender was appointed to represent Brown. After a hearing on the merits, the motion court remitted the $26

judgment entered against the defendant on behalf of the "Crime Victims' Compensation Fund"[1] but otherwise denied relief. The movant has appealed; we affirm.

■ To restate briefly the posture of a proceeding under Rule 27.26 on appeal, we note that a movant or petitioner under this rule has the burden to prove his grounds for relief by a preponderance of the evidence. Rule 27.26(f); *Laws v. State*, 708 S.W.2d 182, 185[4] (Mo.App.1986). Appellate review is limited to determining whether the trial court's findings, conclusions and judgment are clearly erroneous. Rule 27.26(j); *Futrell v. State*, 667 S.W.2d 404, 405[1] (Mo.banc 1984); *Laws v. State*, 708 S.W.2d at 185[2, 3]. The trial court's findings, conclusions and judgment are clearly erroneous within the meaning of Rule 27.-26(j) only if upon review of the entire record presented the appellate court is left with a definite and firm belief that a mistake has been made. *Knight v. State*, 491 S.W.2d 282, 284[1] (Mo.1973); *Wickman v. State*, 693 S.W.2d 862, 866[1–4] (Mo.App. 1985).

I

(A)

In his first point, Brown contends that the motion court erred in ruling that he was not denied trial by a fair and impartial jury because a convicted felon was allowed to serve as a juror at his trial. As stated, the movant's point is that:

> "A) If appellant's trial counsel inquired whether any of the venire-members had been convicted of a crime, then venireperson Ferrell's failure to disclose his conviction amounted to an intentional concealment of that conviction, and appellant was thereby prejudiced,

or, in the alternative,

> B) If appellant's trial counsel did not inquire whether any of the venire-members had been convicted of a crime, appellant's right to the effective

assistance of counsel was violated, because counsel failed to properly question the venire to ensure that appellant received a trial by a fair and impartial jury."

At Brown's trial, after some of the State's evidence had been introduced, the trial court was advised that juror Kenneth W. Ferrell was a convicted felon. An oral motion for a mistrial was denied. At the hearing on this motion, Brown alleged concealment of the conviction on the part of juror Ferrell. The hearing court denied relief on this point. In our view, the court's action was correct.

■ Brown voluntarily dismissed his direct appeal. The notion that an accused may waive a claim of constitutional error by failing to present that claim in the state proceedings in accordance with state procedural requirements has been stated by our courts in terms of a "deliberate bypass." See *Nickens v. State*, 506 S.W.2d 381, 386–87[1, 2][3, 4] (Mo.1974); *McCrary v. State*, 529 S.W.2d 467, 472–74[7][8] and nn. 6, 7 and 8 (Mo.App.1975). The extent to which an otherwise cognizable constitutional claim of error may be waived by procedural default is not entirely clear, see 3 W. La-Fave and J. Israel, Criminal Procedure § 27.4 (1984) and Supp. (1986) pp. 33–38, but our courts have held, and we believe, that constitutional claims which could have been raised on direct appeal are subject to waiver by procedural default " 'except where fundamental fairness requires otherwise and only in rare and exceptional circumstances.' " *Bradford v. State*, 694 S.W.2d 760, 761[1] (Mo.App.1985); *Dixon v. State*, 624 S.W.2d 860, 862–63[3] (Mo.App. 1981). Our examination of the record discloses no rare or exceptional circumstances requiring consideration of this point.

(B)

■ In connection with his assertion that he was deprived of a fair trial because Ferrell served on the jury, the movant further alleges ineffective assistance of coun-

---

1. The crimes of which movant were convicted were committed before the effective date of § 595.045, RSMo Supp.1983, and the judgment in favor of the "Crime Victims' Compensation Fund" was therefore unlawful. See *Wright v. State*, 677 S.W.2d 425 (Mo.App.1984).

sel in that his trial attorney failed to inquire whether any member of the panel had been convicted of a crime. This contention was not raised in the postconviction petition nor was it presented to the motion court for hearing. A ground for relief first raised in this court cannot be considered. *Davis v. State,* 680 S.W.2d 324, 327 (Mo. App.1984); *Adams v. State,* 578 S.W.2d 297, 298 (Mo.App.1979); *Shubert v. State,* 518 S.W.2d 326, 328[1, 2] (Mo.App.1975).

## II

As a further point, the movant contends that the hearing court erred in denying appellant's motion without sua sponte ordering preparation of the transcript of the voir dire and without holding a further evidentiary hearing to determine whether the prosecutor improperly challenged all blacks from the jury panel. In substance, the movant argues that black citizens were impermissibly excluded from the jury in violation of the principles laid down in *Batson v. Kentucky,* 476 U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Specifically, the movant contends that the prosecutor improperly exercised his peremptory challenges to exclude black veniremen from the petit jury on account of their race.

As is the case with the defendant's other point, we consider this assertion waived by defendant's deliberate failure to appeal. Generally, improper jury selection is a trial error which cannot be advanced for the first time in a postconviction proceeding without a showing that the petitioner had no knowledge of the improper jury selection process until after his trial. *Smith v. State,* 684 S.W.2d 520, 522[1, 2] (Mo.App.1984); *Worthon v. State,* 649 S.W.2d 577, 578–79[2, 3] (Mo.App.1983). It is clear from the record that Brown and his trial counsel were aware of the possibility that the State was purposely excluding blacks from the petit jury by the use of peremptory challenges before the trial commenced. We believe, and hold, that this point is barred by procedural default.

In passing, we should note that while this appeal was pending, the United States Supreme Court handed down its decision in

*Griffith v. Kentucky,* —— U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). In *Griffith,* that court ruled that *Batson* should be given retroactive effect in all cases, state or federal, pending on direct review or not final. *Griffith,* 107 S.Ct. at 714. See also *State v. Antwine,* (Mo.banc 1987) (No. 67720 dated February 17, 1987).

Nevertheless, even if we were to review this point, the *Batson* standard would not apply. The *Griffith* decision made *Batson* retroactively applicable to all cases pending on *direct review.* The proof Brown proposed to offer would not have established the "purposeful discrimination" required by *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). The *Griffith* decision specifically refrained from applying the *Batson* standard retroactively to *collateral attacks* upon the conviction. We decline to apply it retroactively in this case. The judgment is affirmed.

PREWITT, P.J., and FLANIGAN and MAUS, JJ., concur.