**Monte R. RODEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 39679.**

Missouri Court of Appeals,
Western District.

April 5, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1988.

Application to Transfer Denied · July 26, 1988.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and NUGENT, JJ.

LOWENSTEIN, Presiding Judge.

Roden was convicted of first degree burglary, (10 years), § 569.160.1, RSMo 1978 and attempted forcible rape (20 years), § 564.011.1, RSMo 1978, § 566.030.1(1), RSMo Supp.1980. He appealed only the attempted rape charge, which conviction was affirmed in *State v. Roden*, 674 S.W. 2d 50 (Mo.App.1984). In this petition for relief under Rule 27.26 Roden seeks relief because his trial counsel failed to disqualify the Jackson County prosecutor's office.

The gist of the point on appeal from the denial of post-conviction relief is as follows: Roden was dissatisfied with his defense counsel, so he went to the courthouse and met attorney Haggerty outside a courtroom and told Haggerty about his case, potential witnesses, and an exculpatory statement given to police. According to Roden, Haggerty told Roden he had a potential job with the prosecutor's office pending and would have to get back to Roden about representing him. Roden and his "common law" wife made several unsuccessful attempts to contact Haggerty, so he hired Mr. Tobin, who ultimately tried the case. Haggerty went with the prosecutor's office. In the meantime Roden was charged with tampering with the victim in the burglary and rape case. Haggerty approved the complaint and represented the state at the preliminary hearing on the tampering charge.

The evidence presented by the state included testimony of Haggerty and Tobin. Haggerty testified he had a conversation at the courthouse with Roden, and Roden was having, "second thoughts" about Mr. Craig as his attorney. "I advised him at that time that I thought that I would be going to work for the Prosecutor's office." Haggerty told Roden he could not represent

him any way as long as counsel was on board, but if Roden dismissed counsel he would give Roden some attorneys to choose from. Haggerty never represented Roden. Roden told him of having made a statement, but they "never got into" the matter of witnesses. Haggerty did not take part or discuss the burglary and rape case. The pertinent questions and answers of Tobin are now set out:

Q. ... If he had told you that he had made a complete and total disclosure of all of the facts of his case, of every one of his potential defenses, of every one of his potential witnesses that would testify on his behalf and had made a complete bearing [sic] of his soul to Gary Haggerty, would you in the ordinary course of events maybe have written that down?

A. That I would have remembered, I believe.

Q. And taken some action on that?

A. I believe so.

The rule 27.26 court made the following findings:

The court does not believe movant's testimony that he disclosed the entirety of his case, his best witnesses, and all of his defenses to Mr. Haggerty before he joined the Prosecutor's Office.

The Court believes the testimony of James Tobin to the effect that he has no recollection of movant telling him movant had disclosed all of his case, witnesses, and defenses to Gary Haggerty.

The court then concluded Roden failed to prove by a preponderance of the evidence that trial counsel failed to use the customary skill and diligence a competent attorney would use under similar circumstances, that an attorney client relationship existed between Roden and Haggerty, that justification for disqualification of the entire prosecutor's office ws present, and that even if there was "prosecutional misconduct," Roden was prejudiced.

Review is limited to a determination of whether the findings and conclusions are clearly eroneous. Rule 27.26(j). Credibility of witnesses was up to Judge Wells, who believed Haggerty and Tobin, not the movant, Roden. *Black v. State*, 723 S.W.2d 474, 475 (Mo.App.1987).

It is unnecessary to examine the contentions of impropriety, prosecutional misconduct, or prejudice, as these contentions should have been addressed as part of the direct appeal, *Dixon v. State*, 624 S.W.2d 860, 862 (Mo.App.1981). The court did not find trial counsel was told by this client of anything other than Roden having talked to Haggerty about possibly representing him. Trial counsel acted on information given to him—counsel cannot be held responsible for acting on information not given to him. *Johnson v. State*, 479 S.W.2d 416, 420 (Mo.1972); *Kent v. State*, 699 S.W. 2d 767, 768 (Mo.App.1985); *Battle v. State*, 674 S.W.2d 179, 181 (Mo.App.1984). The court was within its bound by believing Haggerty's account of the conversation as opposed to Roden's. The sum and substance of those findings establish no attorney client situation, no confidential information given to Haggerty, and no allegation as such ever given to trial counsel.

The judgment is affirmed.