**James I. STALLINGS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56276.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 20, 1990.

D. Terrell Dempsey, Hannibal, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial after an evidentiary hearing of his Rule 29.15 motion. We affirm.

Movant was convicted by a jury of burglary in the second degree. Movant was found to be a class X offender. Prior to sentencing, post-trial plea negotiations took place. The prosecutor recommended a ten-year sentence. The court accepted the State's recommendation. At the sentencing, movant testified he did not want to appeal his conviction.

On July 27, 1988, movant filed his Rule 29.15 motion alleging a *Batson* challenge to his jury panel and ineffective assistance of counsel. On December 21, 1988, a hearing was held and evidence was presented. On January 19, 1989, the trial court set forth its findings of fact and conclusions of law denying movant's motion. Movant appeals.

Movant contends the State used its peremptory strikes to strike all the blacks from the movant's jury panel. Out of a venire panel of thirty-eight, five members were black. Of the five black venire persons, three were struck for cause; one was omitted at random by the judge when he drew a line designating the twenty-four potential jurors; the last remaining black was removed by the prosecutor using his peremptory strike for the stated reason the venire person knew the defendant. The prosecutor also used a peremptory strike to remove a white venire person for the same reason. No black remained on the jury.

■■■ A post-conviction motion cannot be used as a substitute for a direct or second appeal and mere trial errors cannot be raised in such a motion. *McCrary v. State,* 529 S.W.2d 467, 471[6] (Mo.App. 1975). The notion an accused may waive a claim of constitutional error by failing to present that claim in accordance with state procedural requirements is termed a "deliberate bypass." *Brown v. State,* 729 S.W.2d 54, 55[4, 5] (Mo.App.1987). A defendant who deliberately bypasses his right of appeal cannot by post-conviction proceedings raise claims of error he might have raised on direct appeal. *Thompson v. State,* 651 S.W.2d 657, 657–8[1] (Mo.App. 1983). Constitutional claims which could have been raised on direct appeal are subject to waiver by procedural default "except where fundamental fairness requires otherwise and only in rare and exceptional circumstances." *Brown,* 729 S.W.2d at 55 [4, 5].

At the sentencing, the trial court, pursuant to Rule 29.07(b), advised movant of his right to an appeal. Movant was advised that any appeal from the judgment and sentence needed to be filed no later than ten days after that judgment became final. Movant stated he did not desire to appeal his conviction. Movant did not allege nor contend his decision was involuntary. *See Williams v. State,* 530 S.W.2d 740, 741[1–6] (Mo.App.1975) (motion court determined movant had knowingly waived his right for appeal for purposes of reducing his sentence).

■■■ Generally, improper jury selection is a trial error which cannot be advanced for the first time in a post-conviction proceeding without a showing that the petitioner had no knowledge of the improper jury selection process until after his trial. *Brown,* 729 S.W.2d at 56[7, 8]. At trial, movant's counsel requested the trial court take judicial notice of those venire persons on the jury panel who were black. Movant's counsel also requested the prosecutor indicate his reasons for his peremptory challenges. Movant's motion for new trial challenged his conviction on a *Batson* claim. Movant cannot contend he did not have any knowledge of an alleged improper jury selection process until after his trial. This contention should have been raised on direct appeal. Our examination of the record does not disclose any rare or exceptional circumstances which would require consideration of this point. *See Brown,* 729 S.W.2d at 55[4, 5]. Point denied.

In movant's second *point he contends the* trial court's denial of his ineffective assistance of trial counsel claim was against the weight of the evidence.

■■■ Appellate review is limited to a determination of whether the motion court's

findings, conclusions and judgment are clearly erroneous. Rule 29.15(j). The trial court's findings, conclusions and judgment are clearly erroneous only if upon review of the entire record presented the appellate court is left with a definite and firm belief a mistake has been made. *Brown*, 729 S.W.2d at 55[1–3]. Deference is accorded the trial court in assessing credibility. *Shaw v. State*, 766 S.W.2d 676, 680[1] (Mo. App.1989).

We have reviewed movant's allegation, the record on which it is based, and the court's findings of fact and conclusions of law. The court's findings and conclusions are not clearly erroneous. No precedential value would be served by expounding on the basis for this determination. Rule 84.-16(b).

Judgment affirmed.

GARY M. GAERTNER, P.J., and SIMON, C.J., concur.