Henry **HENDERSON,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56569.**

Missouri Court of Appeals,
Eastern District,
Division Five.

March 20, 1990.

Lisa Clover, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

JOSEPH J. SIMEONE, Senior Judge.

This is an appeal by movant, Henry Henderson, from a judgment of the circuit court of the City of St. Louis entered on July 27, 1988 denying his motion to vacate sentence without an evidentiary hearing. We affirm.

Appellant was sentenced after a jury trial in January, 1986, as a prior and persistent offender, to thirty years for sodomy and fifteen years for attempted rape, the sentences to run consecutively. Sections 566.060.3, 564.011, R.S.Mo.1986. The conviction was affirmed. In the trial, movant acted as his own counsel. *State v. Henderson*, 724 S.W.2d 659 (Mo.App.1986).

On February 5, 1988, movant filed a motion to vacate pursuant to Rule 29.15 (referred to below as 27.26) contending that "he did not knowingly and intelligently waive his right to counsel and was prejudiced by being required to represent himself." After counsel was appointed for the motion to vacate, an amended motion was filed alleging that the court allowed movant to proceed to trial *pro se* without conducting a thorough investigation and inquiry into movant's desire and ability to make a knowledgeable and intelligent waiver of his right to counsel. The state moved to dismiss the motion. The motion court denied the motion to vacate without an evidentiary hearing. In its order, the court

noted that "three Judges" cautioned the movant about representing himself and offered counsel to represent him. Movant's first request to represent himself was made at arraignment, the second was before the judge in the assignment division and the third was to the judge who presided at trial.

At arraignment, movant indicated he wished to represent himself and signed a formal waiver form pursuant to § 600.051, R.S.Mo. A special hearing was held before the assignment judge on November 18, 1985, prior to trial, to determine whether movant was capable of waiving counsel for trial. At this special hearing, the assignment judge made a thorough inquiry covering twelve pages of transcript about self-representation, and movant was told of the dangers, pitfalls, and consequences of self-representation. Movant was advised about the nature of the charges, voir dire, opening statement, objections, appeal, the decision to take the stand in his own behalf, instructions, closing arguments and defenses. Movant indicated he understood all of this and indicated he wished to represent himself. The hearing disclosed that he had been in a criminal trial before, had 11 years of schooling and was thirty-two years of age, and that if found guilty, he could not complain that he did not have effective assistance of counsel. The court then queried movant as to whether under all those circumstances, he wished to represent himself. Movant replied, "yes." The assignment court then permitted movant to represent himself.

Immediately prior to trial, the trial judge noted that movant desired to represent himself and again questioned movant about his self-representation. The court explained the range of punishment, that self-representation is "almost always unwise" and that he may conduct a defense "to [his] own detriment." He was questioned concerning evidentiary rules, opening statements, instructions, and that if he represented himself he could not later claim that he was not adequately represented. The court asked "Now [are] you sure you want to represent yourself?" Movant replied, "yes." The movant then signed a formal written waiver of counsel pursuant to § 600.051, R.S.Mo. The statement mandated by the statute was read to him and he said he understood it. On July 27, 1988, the motion court denied appellant's motion to vacate.

Movant appeals contending that the motion court erred in denying his motion to vacate without an evidentiary hearing because an issue of fact with resulting prejudice was presented to the court regarding his waiver of counsel, and that such issue was not refuted by the record. He contends the court did not explain the range of punishment, and conducted "only a simple examination." He contends therefore that he did not completely waive counsel.

■ Appellate review of a motion court's ruling on a Rule 29.15 motion "shall be limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 29.15(j); *Barker v. State,* 776 S.W.2d 451, 452 (Mo. App.1989). The findings, conclusions, and order of the motion court will be deemed clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake has been made. *Id.*

■ Movant is entitled to an evidentiary hearing if: (1) he alleges facts, rather than conclusions, which, if true, would warrant relief; (2) the facts alleged raise matters which are not refuted by the files and record in the case; and (3) the matters complained of resulted in prejudice to movant's defense. *Id.* at 452[1].

The motion court did not err in denying appellant's motion to vacate.

■ First, a post-conviction motion cannot be used as a substitute for a direct or second appeal. *See McCrary v. State,* 529 S.W.2d 467, 471 (Mo.App.1975). An accused may waive a claim of constitutional error by failing to present that claim in accordance with state procedural requirements and when so waived it is termed a "deliberate bypass." *Brown v. State,* 729 S.W.2d 54, 55 (Mo.App.1987). A movant who deliberately bypasses a constitutional claim cannot by post-conviction proceedings

raise claims of error he could have raised on direct appeal. *Thompson v. State*, 651 S.W.2d 657, 657–8 (Mo.App.1983). Constitutional claims which could have been raised on direct appeal are subject to waiver except "where fundamental fairness requires otherwise and only in rare and exceptional circumstances." *McCrary, supra*, 529 S.W.2d at 472; *Brown*, 729 S.W.2d at 55. *See Stallings v. State*, No. 56276, 784 S.W.2d 862 (Mo.App.1990)— *Batson* claim.

■ There are no rare and exceptional circumstances here. Appellant appealed his conviction and did not raise the issue of waiver of counsel on his direct appeal. He could have done so. Since he did not raise the issue on direct appeal, he is precluded from raising this issue in this post-conviction motion.

■ Furthermore, even if the issue of waiver of counsel were held to be cognizable in this post-conviction proceeding, the record amply refutes movant's contention that he did not knowingly and intelligently waive his constitutional right to counsel.

■ In *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant in a criminal case has a constitutional right under the Sixth and Fourteenth Amendments to represent himself and waive counsel. Under *Faretta*, a state court may not constitutionally hale a person into court and force an attorney upon him when he wishes to conduct his own defense. *State v. Ehlers*, 685 S.W.2d 942, 945 (Mo.App.1985). This *pro se* representation, however, is conditional. One of the conditions is that the defendant in a criminal case must voluntarily, knowingly and intelligently waive his right to counsel. *State v. Watson*, 716 S.W.2d 398, 402 (Mo.App.1986); *State v. Williams*, 716 S.W.2d 452, 453 (Mo.App.1986); *State v. Wells*, 701 S.W.2d 554, 556 (Mo.App.1986); *State v. Herron*, 736 S.W.2d 447, 449 (Mo.App. 1987); *State v. Gilmore*, 697 S.W.2d 172, 174 (Mo. banc 1985). In determining whether such a waiver is voluntarily made, the relevant facts need not appear on the trial record, but the court may properly consider the defendant's background, experience, and conduct. *State v. Gilmore, supra*, 697 S.W.2d at 175.

The record shows that movant was informed about the undesirability of self-representation. The judge, at the special hearing, informed the appellant of the charges against him and told him of his prior and persistent felon status which could result in a longer sentence. The judge pointed out and explained the parts of the proceedings that the appellant would have to go through including: (1) voir dire, (2) opening statement, (3) objections, (4) jury instructions, and (5) closing argument. The judge then informed the appellant that if he represented himself he would get no investigative help nor could he claim ineffective assistance of counsel. After all these warnings, the appellant still wanted to represent himself. The court noted that the appellant had been in school until the eleventh grade and had a previous jury trial. In a hearing right before trial, the judge informed appellant that self-representation is unwise. He informed appellant that he had a right to a jury trial, the range of sentence if he was convicted, and questioned him about trial procedures including: (1) leading questions, (2) hearsay testimony, (3) opening statement, (4) right to testify, (5) jury instructions, and (6) voir dire. The appellant still desired to represent himself. The appellant signed a Waiver of Counsel form in compliance with section 600.051, R.S.Mo.1986. Thus, the motion court had ample evidence to support its conclusion that the appellant's waiver of counsel was knowing and intelligent.

The standards set forth in *State v. Tilley*, 548 S.W.2d 199, 200 (Mo.App.1977), relied upon by appellant were complied with. Hence we find no error in the order of the motion court.

We have read the complete record, the briefs, and the authorities relied upon and conclude that there was no error.

The judgment is affirmed.

SIMON, C.J., and DOWD, P.J., concur.