

# Missouri Court of Appeals

## Southern District

In Division

| | | |
|---|---|---|
| JAMES ROBERT CARAWAY, | ) | |
| | ) | |
| Movant-Appellant, | ) | |
| | ) | |
| v. | ) | No. SD37816 |
| | ) | |
| STATE OF MISSOURI, | ) | **Filed:  November 14, 2023** |
| | ) | |
| Respondent-Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF HOWELL COUNTY

Honorable Steven A. Privette, Judge

**<u>AFFIRMED</u>**

This appeal requires us to decide if a movant's claim of alleged trial court error in conducting a ***Faretta*** hearing is cognizable in a Rule 29.15 post-conviction relief proceeding.[1] James Robert Caraway was convicted of two counts of possession of child pornography following a jury trial.  Prior to trial, Caraway was represented by counsel until Caraway sought to represent himself and counsel was granted leave to withdraw.

The trial court conducted a ***Faretta*** hearing to ensure Caraway understood the rights he was forfeiting by waiving counsel.  At that hearing, the trial court informed Caraway of his right to an attorney, the perils of waiving counsel, the seriousness of the charges against him, his right

---

[1] *See **Faretta v. California***, 422 U.S. 806 (1975).  All rule references are to Missouri Court Rules (2019).

to remain silent, and his right to appeal the trial court's judgment. Caraway indicated he understood those rights and signed the waiver-of-counsel form, which listed the rights the trial court had discussed.

The trial court then told Caraway it wanted to discuss more rights and "talk a little bit about trial" before it accepted his waiver. The trial court explained how jury trials can be complicated, how voir dire can "be tricky[,]" and how the trial court could not give him advice or help during the trial. The trial court again asked Caraway if he wanted to proceed and he said, "Yes, sir." Then, the trial court went through the various stages of the trial with Caraway, including the deadlines for filing converse instructions, pre-trial motions, and witness and exhibit lists. The court discussed peremptory strikes, opening statements, presentation of evidence and examination of witnesses, expectations of acceptable and unacceptable courtroom behavior, the manner in which objections were to be made, instructions, and closing arguments.

After an additional discussion about applying for the public defender, hiring new retained counsel, and the possibility of having standby counsel, Caraway reaffirmed his desire to proceed *pro se*. Several months later, Caraway was found guilty on both counts by a jury and was sentenced to 12 years' imprisonment on each count.

Caraway did not file a direct appeal. Instead, he timely filed a *pro se* motion and amended motion for post-conviction relief, alleging his waiver of counsel was entered in an unknowing, unintelligent, and involuntary manner because the court did not inquire of Caraway's knowledge of possible defenses.[2] An evidentiary hearing was held, at which Caraway testified and agreed that the judge went over the rights contained in the waiver-of-counsel form and stated that he was aware of his right to appeal. The motion court denied the amended motion for post-conviction relief, and this appeal followed.

---

[2] We have independently verified the timeliness of Caraway's motions. *See **Moore v. State***, 458 S.W.3d 822, 825-26 (Mo. banc 2015); ***Dorris v. State***, 360 S.W.3d 260, 268 (Mo. banc 2012).

In a single point, Caraway argues the motion court clearly erred in denying his amended motion because the trial court failed to conduct an adequate *Faretta* hearing by failing to inform him of the potential defenses available to him, rendering his waiver of counsel unknowing, involuntary, and unintelligent. Because Caraway's claim is not a cognizable claim under Rule 29.15, we affirm the motion court's denial of post-conviction relief.

## Standard of Review

> "This Court reviews a post-conviction relief motion for whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009); *accord* Rule 29.15(k). "A judgment is clearly erroneous when there is a definite and firm impression that a mistake has been made after reviewing the entire record." *Forrest*, 290 S.W.3d at 708 (quotation marks omitted). "This Court defers to the motion court's superior opportunity to judge the credibility of witnesses." *Davis v. State*, 486 S.W.3d 898, 905 (Mo. banc 2016) (quotation marks omitted).

*Hosier v. State*, 593 S.W.3d 75, 81 (Mo. banc 2019).

## Discussion

Before reaching the merits of Caraway's claim, we must decide whether such a claim is cognizable in post-conviction relief proceedings. A post-conviction relief motion cannot be used as a substitute for a direct appeal. *Zink v. State*, 278 S.W.3d 170, 191 (Mo. banc 2009). "Issues that could have been raised on direct appeal—even if constitutional claims—may not be raised in postconviction motions, except where fundamental fairness requires otherwise *and* only in rare and exceptional circumstances." *Shockley v. State*, 579 S.W.3d 881, 900 (Mo. banc 2019) (quoting *State v. Tolliver*, 839 S.W.2d 296, 298 (Mo. banc 1992)) (emphasis added).

Caraway argues "fundamental fairness" requires us to allow him to raise his claim in a post-conviction relief motion because his ignorance of after-trial procedure makes this a "rare and exceptional" circumstance. This argument fails for at least two reasons. First, fundamental fairness does not require us to excuse Caraway's failure to raise this claim in a direct appeal since he knew about his right to direct appeal. Caraway admitted at the evidentiary hearing he

3

knew about his right to appeal.[3]  He also acknowledged he understood his right to appeal at the *Faretta* hearing and in the waiver-of-counsel form.[4]  Second, there are no "rare and exceptional circumstances" that excuse his failure to file a direct appeal.  Case law is replete with examples of this type of claim being raised on direct appeal by litigants who were likely just as ignorant of the appellate process as Caraway claims to have been.[5]  Caraway's claim is not cognizable under Rule 29.15.  *Henderson v. State*, 786 S.W.2d 194, 197 (Mo. App. E.D. 1990) (finding movant's waiver-of-counsel claim not cognizable in a post-conviction relief proceeding).

### Conclusion

The motion court's denial of post-conviction relief is affirmed.


MARY W. SHEFFIELD, J. –  OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JENNIFER R. GROWCOCK, J. - CONCURS

---

[3] Caraway's testimony then explains he believes the trial judge told him about the direct appeal but not about the Form 40.  Caraway points out, in his brief, that the sentencing transcript contains no statement by the trial court advising Caraway of his right to file a direct appeal and argues the record, therefore, supports his claim that he was ignorant of that right.  But the record shows the trial court *did* inform Caraway of his right to appeal the judgment during the *Faretta* hearing.  Caraway, at both the *Faretta* hearing and the evidentiary hearing, indicated he understood that right, so we are unconvinced by Caraway's argument that he was ignorant of that right.

[4] It is worth noting that Caraway's challenge to his waiver-of-counsel in his amended motion makes no claim that he was not advised of his right to appeal or did not understand that right.  His only claim challenging his waiver-of-counsel was that the trial court failed to inquire into Caraway's knowledge of possible defenses at the *Faretta* hearing.

[5] *See* e.g., *State v. Sullivan*, 640 S.W.3d 149  (Mo. App. E.D. 2022), and *State v. Masters*, 651 S.W.3d 863 (Mo. App. W.D. 2022).  Like other litigants with similar claims, Caraway could have cured his ignorance of the law by retaining appellate counsel or conducting research.  Caraway chose not to do so which was his choice.